**William D. HUNT, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

**No. 81–1804.**

United States Court of Appeals, Fourth Circuit.

Argued March 31, 1982.

Decided Aug. 12, 1982.

Charles R. Garten, Charleston, W. Va. (Mike Kelly, Charleston, W. Va., on brief), for appellant.

Michael E. Winck, Asst. U. S. Atty., Charleston, W. Va. (Wayne A. Rich, Jr., U. S. Atty., Charleston, W. Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

This is an appeal of the order of the district court dismissing the plaintiff's complaint. The plaintiff had sought review of the final decision of the Secretary of the Department of Health and Human Services (Secretary) of his claim for black lung benefits pursuant to 30 U.S.C. §§ 921(a) and 922(a)(1) (Supp.1982). The district court dismissed the action because the complaint had not been filed within 60 days of the Secretary's final determination, as required by § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (Supp.1982).[1] We agree with the district court's action and, accordingly, affirm its decision.

## I.

The claimant, William D. Hunt, filed a black lung claim on March 18, 1970. Hunt represented himself throughout the administrative proceedings. He was denied benefits by an Administrative Law Judge (ALJ) on September 11, 1975. On February 2, 1976, the Appeals Council affirmed the decision of the ALJ.

Sometime after Hunt had received notice of the final decision of the Secretary and the 60-day period for filing in district court had run, he employed counsel to assist with his black lung claim. On November 8 and again on November 24, 1976, counsel for Hunt sought an extension of time from the Appeals Council to file a civil action. The requested extension of time to file was denied on December 16, 1976. This action was filed, nonetheless, on March 21, 1977.

In response to the government's motion to dismiss this complaint for the failure to file within the 60-day statutory period, the claimant argued that the 60-day deadline had been tolled by another suit. A class action had been filed on behalf of black lung claimants who were denied benefits for failure to meet the eligibility requirements before July 1, 1973. That action, *Shepherd v. Weinberger*, No. 75–0124–BK, (S.D.W.Va., filed August 1, 1975) *decided sub nom. Shepherd v. Califano*, No. 75–0124–BK (S.D.W.Va. Aug. 1, 1981), was filed on August 1, 1975; the district court denied certification of the proposed class on February 25, 1976. There was no appeal from the denial of certification, but on March 9, 1976, the plaintiffs in *Shepherd* filed an amended motion for certification. The plaintiffs in *Shepherd* again were refused class certification on January 3, 1979. The present action was dismissed by the district court on June 18, 1981, because it was not filed within 60 days of the Secretary's final decision of February 2, 1976. The court held that the 60-day period under § 205(g) of the Social Security Act is jurisdictional and cannot be tolled as if it were a statute of limitations.

## II.

The question before us simply is whether the filing of the class action suit tolled the

---

1. The requirements of § 205(g) of the Social Security Act are expressly incorporated into the black lung statute through 30 U.S.C. § 923(b) (Supp.1982).

60-day filing limitation found in § 205(g) [2] of the Social Security Act. The district court held that Hunt was not a member of the class proposed in *Shepherd*, because he did not meet the requirement of filing within 60 days. Whether the 60-day filing requirement of § 205(g) may be tolled or is a prerequisite to stating a claim depends upon whether it is jurisdictional or a statute of limitations. We find that the 60-day requirement is jurisdictional and that the filing of a class action in which the claimant may be an unnamed member of the class, therefore, does not exempt a claimant from the 60-day filing requirement.

In *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), the United States Supreme Court found that a class action could be brought under § 205(g)–(h), if the requirements of § 205(g) are met by all members of the class. The principal issue in *Yamasaki* was whether § 205(h) [3] precludes class relief. The Supreme Court held that class actions are appropriate under § 205(g)–(h), because § 205(h) is not so restrictive that it overcomes the general applicability of the Federal Rules of Civil Procedure.[4] The court also held, however, that those who did not meet the jurisdictional prerequisites of § 205(g) were not eligible for class relief. 442 U.S. at 703–04, 99 S.Ct. at 2558–59. Not only did the Court allude to the whole of § 205(g) as "jurisdictional," but the questioned jurisdictional term there ("final determination") is found in the same sentence as the 60-day filing requirement. See note 2, *supra*. We note further that this circuit expressly has held that the failure to request review within 60 days under § 205(g) deprives the court of jurisdiction. *Teague v. Califano*, 560 F.2d 615, 618 (4th Cir. 1977).

### III.

We hold that the 60-day requirement for bringing an action under § 205(g) of the Social Security Act is jurisdictional, not a statute of limitations. The dismissal of this action by the district court, therefore, is

AFFIRMED.

---

**2.** The language of § 205(g) at question in this case is:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.
>
> 42 U.S.C. § 405(g) (Supp.1982).

**3.** In part, § 205(h) states: "... No findings of fact or decision of the Secretary shall be reviewed ... except as herein provided." 42 U.S.C. § 405(h) (Supp.1982). There is no provision for class actions.

**4.** 442 U.S. at 700. In particular, it does not prohibit the use of Fed.R.Civ.P. 23.