Anthony V. TAGLIA, Plaintiff,

v.

PABST BREWING COMPANY, a
Delaware corporation,
Defendant.

No. K 82–308.

United States District Court,
W.D. Michigan, S.D.

Oct. 26, 1983.

Thomas Carey, Kalamazoo, Mich., for plaintiff.

Thomas Obenberger, Milwaukee, Wis., and Charles Ritter, Kalamazoo, Mich., for defendant.

## OPINION

ENSLEN, District Judge.

This is an age discrimination suit brought by Anthony V. Taglia, a Michigan resident, against Pabst Brewing Company, Inc., a Delaware corporation with its princi-

pal offices in Milwaukee, Wisconsin. As originally filed, the three count Complaint sought a judgment against Defendant in excess of $10,000 along with punitive and exemplary damages, attorney fees and costs under the following statutes and common law theories: (1) Age Discrimination in Employment Act (ADEA) as codified at 29 U.S.C. §§ 621, et seq.; (2) Elliott-Larsen Civil Rights Act as codified at M.C.L.A. §§ 37.2101, et seq.; (3) Plaintiff's alleged breach of a covenant of appurtenant to the employment relationship that Defendant would not breach Plaintiff's employment without just cause. This case was brought before the Court by virtue of its jurisdiction over federal questions and pendent state claims.

On October 25, 1983, the Court granted Plaintiff's Motion to Amend its Complaint so as to allege a fourth cause of action, negligent discharge of Plaintiff, and an additional basis for the Court's jurisdiction, diversity of citizenship.

## I.

Defendant has moved for summary judgment on those counts alleging violations of ADEA and the Elliott-Larsen Civil Rights Act. Since the only basis for this Court's jurisdiction alleged in the original Complaint was the existence of a federal question, Defendant also requested that the case be dismissed if the Court granted summary judgment on the ADEA claim. Now that the Plaintiff has been allowed to plead diversity of citizenship—an allegation which Defendant has so far not refuted—the Court is not required to dismiss the case even if it grants Defendant's Motion for Summary Judgment on Plaintiff's federal claim.

To warrant the grant of summary judgment, the moving party bears the burden of establishing the non-existence of any genuine issue of fact that is material to a judgment in his favor. Adickes v. S.H. Kress & Company, 398 U.S. 144, 147, 90 S.Ct. 1598, 1603, 26 L.Ed.2d 142 (1970); United States v. Articles of Device ... Diapulse, 527 F.2d 1008, 1011 (C.A.6 1976);

Nunez v. Superior Oil Company, 572 F.2d 1119 (C.A.5 1978); Tee-Pak, Inc. v. St. Regis Paper Company, 491 F.2d 1193 (C.A.6 1974). If no genuine issue as to any material fact is established, the moving party is entitled to judgment as a matter of law. Chavez v. Noble Drilling Company, 567 F.2d 287 (C.A.5 1978); Irwin v. U.S., 558 F.2d 249 (C.A.5 1977).

In determining whether or not there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in the (affidavits, attached exhibits, and depositions) must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); Bohn Aluminum & Brass Corporation v. Storm King Corporation, 303 F.2d 425 (C.A.6 1962). Even if the basic facts are not disputed, summary judgment may be inappropriate when contradictory inferences may be drawn from them. United States v. Diebold, supra; E.E.O.C. v. United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry, Local 189, 427 F.2d 1091, 1093 (C.A.6 1970). In making this determination, the Court must make reference to the entire record and all well pleaded allegations are to be accepted as true. Dayco Corporation v. Goodyear Tire and Rubber Company, 523 F.2d 389 (C.A.6 1975); Holmes v. Insurance Company of North America, 288 F.Supp. 325 (D.C.Mich.1968); Mahler v. U.S., 196 F.Supp. 362 (D.C.Pa.1961). These guidelines will be adhered to as substantive issues of the motion are examined.

## II.

The uncontroverted allegations of Plaintiff's Complaint, Plaintiff's Responses to Defendant's Interrogatories and Plaintiff's depositions show the following facts. Plaintiff, Anthony Taglia, was employed by Defendant Pabst Brewing Company, Inc. (Pabst) on February 1, 1954. Defendant is a well-known corporation engaged in the business of brewing and distributing beer. During his tenure, Plaintiff was a member

of Defendant's sales department and progressed from the position of "Merchandiser" to that of "Lakes Division Manager", a position in which he supervised the sale of Pabst beer in Michigan and Ohio. At the time of his termination on December 2, 1981, Plaintiff was 55 years old and had worked for Pabst for 28 years.

Plaintiff received a number of promotions during his tenure with Pabst. In 1959, he was transferred from Chicago, Illinois, where he had worked in the merchandising department, to Kalamazoo, Michigan, in order to become district manager for sales in southwestern Michigan. In 1967, Plaintiff became state manager for sales in one-half of the State of Michigan and in 1969, assumed responsibility for sales in the entire state. Finally, Plaintiff became Lakes Division Manager in 1973, which was the position he held until his discharge in 1981. Defendant replaced Plaintiff with a 50 year old individual named Art Hutchinson. Despite Plaintiff's belief that his age contributed to or was the reason for his dismissal, he never received any information from third parties employed by Defendant that this was actually the case.

The period between 1973 and 1981 was turbulent for Pabst in terms of declining sales and market share. From 1979 to 1981 its national sales on either a barrelage or dollar basis were decreasing at the rate of 10% per annum. This figure was commensurate with the sales decline in the Lakes Division. While such a precipitous drop in sales concerned Defendant, Plaintiff said that this was accepted because in 1978 the company changed marketing strategies by marketing a "premium" beer instead of a popularly priced beer. Nevertheless, from the mid-1970's to 1981, Pabst's position in the industry in terms of beer sales slipped from third to fourth.

Prior to his termination, Plaintiff had heard rumors about a reduction in the sales force. A company memorandum dated October 30, 1981 ordered all regional and division managers to evaluate the personnel supervised by them. The memorandum referred to depressed sales and the need to reassess manpower demands.

Not surprisingly, Plaintiff was not consulted as to which division managers would be terminated in the personnel reduction. Although Plaintiff knew that management was contemplating a reduction in the sales, his own termination came as a complete surprise. There were apparently five similarly situated employees dismissed at the beginning of December, 1981. Plaintiff said that all of them believed their discharge was due to their age; however, it is clear that Plaintiff never had spoken personally to only one of these persons, Phil Miller from New York City.

The evidence shows that Defendant's management personnel made certain statements regarding the age of the sales force in the mid-1970's. In 1974, at a division meeting in Milwaukee, Wisconsin, Jack Reifenrath, apparently one of Plaintiff's superiors, said that the average age at Pabst sales force was 50, that the company needed to hire younger people who were "promotable" and that the company needed employees with more education than the present work force had.

The second instance of remarks directed to the sales force's age occurred sometime between 1974 and 1976 and were made by Herb Brittain, then General Sales Manager. Plaintiff recollected Brittain as saying that the district managers, some of whom were in their 50's, were not as productive as younger people would be. Finally, during a meeting with Brittain in 1977, Plaintiff recalled Brittain's showing him a list of employees and pointing out the persons over 50 years old. Brittain had also said something about the company's needing a younger sales force although Plaintiff could not recall his remarks specifically. Plaintiff believed that Brittain kept this list in order to monitor the age of the company's employees but admitted Brittain never said as much.

### III.

This Opinion will first consider the propriety of granting a summary judgment

motion on Plaintiff's federal claim. 29 U.S.C. § 623(a) provides as follows:

(a) It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely effect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. § 631(a) provides as follows: The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age but less than 70 years of age.

The Sixth Circuit has taken a cautious approach in fashioning the procedure by which a Plaintiff may establish a prima facie case in an age discrimination lawsuit. A defendant in such lawsuit shall be entitled to summary judgment if the plaintiff is unable to make out a prima facie case from the undisputed material facts. Thus, a defendant must show that certain material facts are undisputed and that from those facts, Plaintiff is unable to establish a prima facie case.

Several Circuits have borrowed the criteria set forth by the Supreme Court in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) for establishing a prima facie case of race discrimination in lawsuits brought pursuant to Title VII of the Civil Rights Act of 1964. Under the *McDonnell Douglas* criteria, a plaintiff must show that (1) he is a member of the protected class; (2) he applied for the job and was rejected; (3) he was qualified for the job and (4) after his rejection, the employer continued to seek applications for the particular job. *McDonnell Douglas v. Green, supra,* at 802, 93 S.Ct. at 1824. The Sixth Circuit has adopted these guidelines as one of the means by which Plaintiff may establish a prima facie case. As molded to fit an age discrimination context, the *McDonnell Douglas* -type of case demand that Plaintiff demonstrate that (1) he is a member of the protected class; (2) he was discharged; (3) he was qualified for the position and (4) he was replaced by a younger person. *Ackerman v. Diamond Shamrock*, 670 F.2d 66 (C.A.6 1982).[1]

The Sixth Circuit has refused to restrict the elements of a prima facie age discrimination case to the *McDonnell Douglas* criteria. In *Laugesen v. Anaconda Company*, 510 F.2d 307 (C.A.6 1975), the appellate court said the following:

While it may not be unreasonable to assume in a proper case the guidelines established in *McDonnell Douglas v. Green* can be applied in an age discrimination jury case, we believe it would be inappropriate simply to bar them auto-

---

**1.** Once a Plaintiff establishes a prima facie case under the *McDonnell Douglas* criteria or by any other methods discussed hereinafter, then the burden shifts to the employer to produce the legitimate nondiscriminatory reason for his decision. *See Blackwell v. Sun Electric Corporation*, 696 F.2d 1176 (C.A.6 1983). However, the burden of persuasion always remains with the Plaintiff. As the Supreme Court noted in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the case dealing with alleged sex discrimination in defendant's employment practices, the employer may rebut a plaintiff's prima facie case by clearly explaining the nondiscriminatory reasons for its action. With respect to this, the court said the following:

The defendant need not persuade the court that it was actually motivated by the proffered reasons ... It is sufficient in the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. 450 U.S. 254–55, 101 S.Ct. 1094–95.

Once a defendant has articulated a nondiscriminatory reason for its decision, then plaintiff must show that this was just a pretext in order to successfully carry the burden of persuasion. *McDonnell Douglas v. Green*, 411 U.S. at 804, 93 S.Ct. at 1825.

matically ... we do not here decide whether Congress intended that actions under the Age Act must invariably be guided by the law applicable to Title VII cases. That the law embodied in a separate act has its own unique history at least counsels the examiner to consider the particular problems sought to be reached by the statute. 510 F.2d at 312. The Sixth Circuit again noted in *Ackerman v. Diamond Shamrock, supra,* that the *McDonnell Douglas* criteria were not to be routinely applied to age discrimination suits:

A mechanical application of the *McDonnell Douglas* guidelines might bar the suit of a worthy ADEA (Age Discrimination in Employment Act) claimant. In other cases, an overly mechanical application could supply an ADEA plaintiff with a triable claim where none exists. 670 F.2d at 70.

The *Ackerman* court also noted that the Sixth Circuit approaches age discrimination suits on a case-by-case basis. *Id.*

In *Blackwell v. Sun Electric Corporation, supra,* the court held that an age discrimination plaintiff could establish a prima facie case by one of four methods: (1) *McDonnell Douglas* criteria; (2) statistical information; (3) direct evidence of discrimination and (4) circumstantial evidence other than that which is used in the *McDonnell Douglas* criteria. *Id.* at 1180.

### IV.

In its Motion for Summary Judgment, Defendant makes two arguments. After correctly noting that *McDonnell Douglas* guidelines are applicable to age discrimination cases, Defendant states that one element of the Plaintiff's prima facie case must be a showing that he was replaced by a younger employee outside of the protected class which includes all persons between the age of 40 and 70. Plaintiff's understanding of the *McDonnell Douglas* prima facie case does not comport with the law in this Circuit. In *Ackerman v. Diamond Shamrock, supra,* the court did not incorporate into the elements of a

*McDonnell Douglas* -type case the requirement that Plaintiff be replaced by someone outside the protected class. Indeed, it appears that the Sixth Circuit has not addressed this specific issue. The question was briefly alluded to in a footnote in *Blackwell v. Sun Electric Corporation, supra,* wherein the appellate court said the following:

Several courts have held in an ADEA plaintiff did not prove that he or she was replaced by a younger employee in order to establish a prima facie case. *See, e.g., Loeb v. Textron,* 600 F.2d 1003, 1013 (1st Cir.1979); *Douglas v. Anderson,* 656 F.2d 528 (9th Cir.1981). They reason that such an employer might hire an older worker in order to thwart an age discrimination suit if this were a requirement. Since the Plaintiff in this case was replaced by an employee outside the protected class, we need not consider this issue. 696 F.2d at 1181.

Several circuits have held that in making out a case under the *McDonnell Douglas* criteria, the plaintiff need not show he is replaced by a person outside of the protected class or even a younger person. *See, Loeb v. Textron,* 600 F.2d 1003 (C.A.1 1979); *White v. Mississippi State Oil and Gas Board,* 650 F.2d 540 (C.A.5 1981); *McCuen v. Home Insurance Company,* 633 F.2d 1150 (C.A.5 1981); *Douglas v. Anderson,* 656 F.2d 528 (C.A.9 1981).

The aforementioned cases offer persuasive reasons for their refusal to incorporate such a requirement into this sort of prima facie case. For example, the discriminating employer might replace the discharged employee with someone within the protected class so as to fend off the threat of a lawsuit. With such a requirement, an employer could avoid a lawsuit by replacing a 69 year old employee with a 40 year old person. Also, in those instances where there is a general reduction in the work force and older employees are the target of such a reduction, there is no reason for having such a requirement since a general reduction does not involve the replacement of employees. *See, Douglas v. Anderson,*

*supra,* at 533. Moreover, if this requirement is imposed in those instances in which a plaintiff has been replaced by a specific person, then the plaintiff in a lawsuit involving work force reduction has an easier time in proving his case since he does not have the additional burden of showing that a replacement was of a certain age. *See, McCuen v. Home Insurance Company, supra* at 1151–52. These reasons persuade the Court not to engraft this requirement to the *McDonnell Douglas*-type prima facie case.

■ It appears that Plaintiff may well be able to make out a *McDonnell Douglas* -type prima facie case. Plaintiff, age 55 at the time of his discharge was clearly a member of the protected class. He was apparently replaced by a person five years younger than him. Finally, Plaintiff's history of promotions suggests that he was a qualified and capable employee. An employer's disputing a Plaintiff's job qualifications will not preclude a Plaintiff's making out a prima facie case. With respect to this, *Blackwell v. Sun Electric Corporation, supra,* said the following:

> Moreover, if we were to hold that plaintiff's prima facie case fails if his qualifications are challenged by the defendant we would effectively preclude age discrimination suits of this kind. Then, a defendant would always be able to challenge the plaintiff's qualifications for the job, and the issue would be taken away from the jury. *Id.* at 1181.

■ Defendant's second argument is that even if the *McDonnell Douglas* criteria are not applied, Plaintiff has failed to produce any evidence of age discrimination and, in his deposition, has contradicted or rendered immaterial the material allegations of his Complaint. Defendant refers to three particular allegations in the original Complaint—¶¶ 9, 11, 12—which it believes are unsupported or contradicted by Plaintiff's deposition testimony.[2] In his Amended Complaint, Plaintiff has deleted both his reference to statements made by the Defendant's agents beginning around 1974, regarding the age of its employees and the allegation that Defendant kept a list of employees over age 50. Plaintiff has retained allegations, originally set out in ¶ 11 that Defendant's agents explained the dismissal of Plaintiff as being due to his advanced age. The Court will consider the evidence from Plaintiff's deposition which may have supported the deleted allegations since the same evidence is pertinent in determining whether Plaintiff has not garnered enough circumstantial evidence, whether disputed or undisputed, to make out a prima facie case under the fourth method noted in *Blackwell v. Sun Electric Corporation, supra.*

Defendant makes three points in its second argument. It first claims that any age related statements made by its agents are immaterial since Plaintiff could not remember any such statements having been made within the four year period prior to his termination. Second, Plaintiff could not, during his deposition, identify any third parties who had allegedly been told by Defendant's agents that Plaintiff was dismissed because of his age. Third, Plaintiff was equivocal in his deposition as to whether Defendant kept a list of employees over

---

2. Paragraph 9 of Plaintiff's original Complaint provided as follows:
   > That defendant acting through its agents, beginning around 1974, began mentioning the advancing age of its employees as a factor of concern in making employment decisions within the context that the management expressed the idea that it could hire younger men off the streets to train for positions currently held by older employees.

   Paragraph 11 of Plaintiff's original Complaint provided as follows:
   > That defendant, through one or more of its agents have explained the termination of plaintiff to third parties as being the result of plaintiff's advanced ages (sic).

   Paragraph 11 of Plaintiff's original Complaint provided as follows:
   > That defendant's employees over 50, earmarking said employees for early retirement or early termination explaining to persons at defendant's regular meeting that employees over the age of 50 could not be retained by the corporation until normal retirement because there wasn't room for them with the number of younger people it wanted to promote through the ranks.

age 50. While he believed this to be the case, he admitted that the list Brittain showed him was simply a list of all employees.

Defendant's points are well taken; however, the Court believes the evidence and its inferences raise factual disputes, sufficient to make out a circumstantial case of age discrimination and thus constitute a prima facie case under the fourth method noted in *Blackwell v. Sun Electric Corporation, supra,* at 1180. Plaintiff testified that five division managers were terminated at the same time. This simultaneous dismissal may not have been simply coincidental, especially in light of the statements made by Reifenrath and Brittain several years earlier. Although the aforementioned statements were made long before Plaintiff's termination, they indicate Defendant's sensitivity about the age of its sales force. As its market share and sales continued to decrease during the late 1970's, at a rate that surely would have alarmed the management of any corporation, Defendant may have decided that he could not retain the same number of employees and that the older ones had to be replaced first. The Court finds the disputed factual issues have been raised regarding Defendant's intent and underlying motivation in replacing Plaintiff. Furthermore, the Court does not find that Defendant has shown Plaintiff will be unable to put on enough circumstantial evidence other than the sort used in meeting the *McDonnell Douglas* criteria to make out a prima facie case. *See, Blackwell v. Sun Electric Corporation, supra,* at 1180.

## V.

■ Defendant's Motion for Summary Judgment regarding Plaintiff's age discrimination claim founded on the Elliott-Larsen Civil Rights Act, M.C.L.A. §§ 37.-2101 *et seq.,* must also be denied. In *Gallaway v. Chrysler Corporation,* 105 Mich. App. 1, 306 N.W.2d 368, the Michigan Court of Appeals held that a plaintiff's burden of proof in an age discrimination lawsuit was properly set forth by the Sixth Circuit in *Laugesen v. Anaconda Compa-*

*ny, supra.* The *Gallaway* court interpreted *Laugesen* to hold that a plaintiff must show that age was a determining factor in the employer's decision to terminate him/her in an age discrimination suit brought under Michigan law. *See also, Adama v. Doehler-Jarvis, Division of N.L. Industries, Inc.,* 115 Mich.App. 82, 320 N.W.2d 298 (1982); *Summers v. Sears, Roebuck & Company,* 549 F.Supp. 1157 (E.D.Mich.1982). Therefore, under Michigan law, if a plaintiff alleges facts which are sufficient to raise a factual issue as to whether age was a determining factor in his dismissal, then summary judgment must be denied. In part IV of this Opinion, the Court referred to the circumstantial evidence and the inferences which may be drawn from the same in addressing the question of whether Plaintiff would be unable to make out a prima facie case under the fourth method noted in *Blackwell v. Sun Electric Corporation, supra,* at 1180. It is clear from the evidence noted in that portion of the Opinion that Plaintiff has raised a factual question as to whether his age was a determining factor in his dismissal. The Court refers the parties to that discussion of circumstantial evidence as an explanation for the denial of the Defendant's Motion for Summary Judgment on the state claim.