**Edna JOHNSON and Jerome Montgomery, on their own behalf and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 C 4110.**

United States District Court, N.D. Illinois, E.D.

Dec. 17, 1984.

---

Joseph A. Antolin, Shelley Davis, Robert E. Lehrer, John Bouman, Cathleen Cohen, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Dan K. Webb, U.S. Atty. by Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., Randolph W. Gaines, Deputy Asst. Gen. Counsel, Michael F. Moses, Office of Gen. Counsel, Baltimore, Md., for defendant.

## ORDER

BUA, District Judge.

Before the Court are defendant's motions to alter or amend the Court's order dated September 19, 1984, pursuant to Fed. R.Civ.P. 59, and to stay the order pending disposition of defendant's Rule 59 motion pursuant to Rule 62. For the reasons stated herein, defendant's motion to alter or amend is denied and its motion to stay is denied for mootness.

## I. DISCUSSION

In support of its motion to alter or amend the Court's order dated September 19, 1984, defendant sets forth four grounds: (1) not all members of the plaintiff class sought appropriate review of their disability claims within 60 days of the Secretary's final decision pursuant to 42 U.S.C. § 405(g); (2) not all members of the plaintiff class obtained a final decision from the Secretary and therefore failed to exhaust their administrative remedies; (3) recent Congressional action and case law require reconsideration of the September 19, 1984 order and affirmance of the regulations' validity; and (4) recent Congressional action prevents the Court's order from being applied retroactively on the issue of the combined effect of nonsevere impairments.

▆ A motion for reconsideration serves only to correct manifest errors of law or fact or to present newly discovered evidence. *Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 665 (N.D. Ill.1982). Therefore, a motion for reconsideration should not serve as an occasion to tender new legal theories for the first time. *Id.* at 666.

### 1. *The 60-Day Requirement*

Defendant argues that the 60-day provision of Section 205(g) of the Act, 42 U.S.C. § 405(g), and regulations governing the timeliness of administrative appeal, are an absolute time-bar to claims where claimants (i) did not seek administrative review of the initial administrative determination by the state agency that they were not disabled and thereafter permitted more than 60 days to elapse without taking any further action; (ii) did seek reconsideration or an ALJ hearing, but did not pursue the matter further and permitted more than 60 days to elapse without taking any further action, or (iii) exhausted their administrative remedies more than 60 days before this class action was filed but did not seek judicial review pursuant to 42 U.S.C. § 405(g). Plaintiff argues that the 60-day requirement is a statute of limitations, not a jurisdictional bar, and therefore the requirement is waived unless raised as an affirmative defense. Plaintiff concludes that defendant has waived any objection to the 60-day requirement since the Secretary raises it here for the first time. Since the first two arguments under the 60-day requirement hinge on the question of exhaustion of administrative remedies, which will be discussed later, the Court will analyze only the third argument under the 60-day requirement.

Under the Social Security Act, claimants must seek judicial review of final decisions of the Secretary "within sixty days after the mailing ... of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g) (1982). While the Supreme Court's position on whether the 60-day provision is jurisdictional is not free from doubt, the Court finds that the analysis in *City of New York v. Heckler,* 742 F.2d 729 (2d Cir.1984) is persuasive. In *City of New York,* the Second Circuit Court of Appeals examined the Supreme Court cases dealing with the 60-day provision. In the stay ruling in *Heckler v. Lopez,* —— U.S. ——, 104 S.Ct. 221, 222–223, 78 L.Ed.2d 217 (1984)[1] (Stevens, J.,

---

1. The Supreme Court recently vacated Justice Rehnquist's imposition of a stay in this case. *Heckler v. Lopez,* —— U.S. ——, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984). In doing so, the Court affirmed the preliminary injunction issued by the district court and affirmed in part and reversed in part by the Ninth Circuit Court of Appeals. *Lopez v. Heckler,* 725 F.2d 1489, (9th

with whom Blackmun, J., joins, concurring in part and dissenting in part), Justice Stevens reckoned with the issue and concluded that the 60-day requirement is jurisdictional. Although the Secretary apparently had failed to raise the 60-day requirement in the District Court, Justice Stevens declined to find waiver and concurred in maintaining the stay of the Ninth Circuit's judgment insofar as the stay applied to claimants who had not sought administrative or judicial review of their termination decisions 60 days prior to the filing of the complaint.

In contrast to Justice Stevens' opinion in *Heckler v. Lopez, supra,* in two other cases the Supreme Court has concluded that the 60-day limitation is not jurisdictional. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Both *Salfi* and *Eldridge* construed the 60-day requirement as a statute of limitations, waivable by the parties. *See Mathews v. Eldridge, supra,* 424 U.S. at 328 n. 9, 96 S.Ct. at 899 n. 9; *Weinberger v. Salfi, supra,* 422 U.S. at 763–64, 95 S.Ct. at 2465–66. Notwithstanding his opinion in *Lopez,* Justice Stevens' separate opinion in *Heckler v. Ringer,* — U.S. ——, 104 S.Ct. 2013, 2028, 2033–36, 80 L.Ed.2d 622, incorporates the *Salfi* and *Eldridge* statements to the effect that section 405(g) contains a "statute of limitations" waivable by the parties. Justices Brennan and Marshall also view the 60-day requirement as waivable, *Heckler v. Lopez, supra,* 104 S.Ct. at 225, 226.

In addition to the Second Circuit, other Courts of Appeals have adopted the view that the 60-day limitation period is not jurisdictional. *Lopez v. Heckler,* 725 F.2d 1489, 1508 (9th Cir.1984); *Mental Health Ass'n of Minnesota v. Heckler,* 720 F.2d 965, 973 n. 19 (8th Cir.1983). Finally, the Second Circuit concluded that Justice Stevens' opinion in *Lopez* did not outweigh the majority opinions in *Salfi* and *Eldridge:*

"In the absence of an authoritative ruling by the Supreme Court to the contrary, we continue to believe that the 60-day requirement is not jurisdictional," *City of New York v. Heckler, supra,* 742 F.2d at 738.

In the present case, the issue is whether the Secretary made a timely assertion of the 60-day provision as a defense. If the Secretary did not timely assert the defense under either Fed.Rules Civ.P. 8(c) and 12(h)(1), the 60-day provision need not be considered here. *Mathews v. Eldridge, supra,* 424 U.S. at 328 n. 9, 96 S.Ct. at 899 n. 9; *Weinberger v. Salfi, supra,* 422 U.S. at 763–764, 95 S.Ct. at 2465–66. The Secretary argues that she made a timely assertion of the 60-day provision as a defense in both her answer to the plaintiffs' amended complaint and her memorandum in opposition to class certification.

After examining both documents, the Court finds that the Secretary did not sufficiently raise the 60-day provision as a defense in order to preserve it. In her answer to plaintiffs' amended complaint, the Secretary merely stated that "plaintiffs have not met the prerequisites to certify this suit as a class action." In her memorandum in opposition to class certification, the Secretary focused only on the alleged failure of all members of the plaintiff class to exhaust their administrative remedies, *i.e.,* obtain a final decision from the Secretary. The Secretary does not discuss the 60-day provision as barring untimely appeals from final decisions. Therefore, since the Secretary did not sufficiently raise the 60-day provision as a defense, it is waived and need not be considered here.

### 2. *Exhaustion of Remedies*

Defendant contends that the plaintiff class contains members who have not exhausted their administrative remedies and therefore have not met the threshold requirement of a "final decision" under 42 U.S.C. § 405(g) for an appeal to this Court. The Secretary argues that she has not

---

Cir.1984). The Court held that the 60-day limitation is not jurisdictional, but, rather, is like a time limitation for initiation of claims under

Title VII of the 1964 Civil Rights Act, which the Supreme Court has held is subject to waiver and equitable tolling.

waived the exhaustion requirement and neither can the Court do so. Plaintiffs counter that it is proper for the Court to waive the exhaustion requirement where, as here, plaintiffs' claims are collateral to the demand for benefits and their interest in prompt judicial review is so great that deference to the agency's judgment is inappropriate.

■ The Supreme Court has viewed § 405(g) as containing two components: (1) a claim for benefits must have been filed; and (2) the Secretary must have made a final decision on that claim. *Mathews v. Eldridge, supra,* 424 U.S. at 328, 96 S.Ct. at 899; *see Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). The first requirement, the filing of a disability claim, is nonwaivable. *Id.* Unlike the first, the second requirement may be waived under appropriate circumstances. *Id.* 424 U.S. at 330, 96 S.Ct. at 900.

■ The Supreme Court and the Courts of Appeals, including the Seventh Circuit, have made it clear that if the Secretary refuses to waive exhaustion, the court should do so under certain conditions. *Mathews v. Eldridge, supra,* 424 U.S. at 328–30, 96 S.Ct. at 899–900; *Giacone v. Schweiker,* 656 F.2d 1238, 1241–43 (7th Cir. 1981); *Wright v. Califano,* 587 F.2d 345, 348–50 (7th Cir.1978); *Caswell v. Califano,* 583 F.2d 9, 14 (1st Cir.1978). Under these decisions, judicial waiver of complete administrative exhaustion is appropriate when (1) plaintiffs' legal claims are collateral to the demand for benefits, and (2) plaintiffs' interest in prompt judicial review is so great that deference to the agency's judgment is inappropriate. *Mathews v. Eldridge, supra,* 424 U.S. at 328–30, 96 S.Ct. at 899–900; *Giacone v. Schweiker, supra,* 656 F.2d at 1243–44; *Wright v. Califano, supra,* 587 F.2d at 349; *Caswell v. Califano,* 583 F.2d at 14–15. Judicial waiver of complete administrative exhaustion is also appropriate when the Secretary's position on the policies being challenged is fixed (i.e., the Secretary cannot change it) or is final (i.e., the Secretary is unlikely to change it). *Liberty Alliance For The*

*Blind v. Califano,* 568 F.2d 333, 345–46 (3d Cir.1977). The above analysis parallels exactly this Court's opinion certifying the plaintiff class. *Johnson v. Heckler,* 100 F.R.D. 70, 73 (N.D.Ill.1983). The Secretary urges reconsideration of the original class certification in light of the recent Supreme Court opinion in *Heckler v. Ringer,* —— U.S. ——, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

In *Ringer,* Justice Rehnquist writing for the Court examined the plaintiffs' claims to determine whether they were collateral to a demand for benefits. In his analysis, Justice Rehnquist discussed the separation of the particular claims in "substantive" and "procedural" elements and ultimately rejected that separation regarding those claims. *Id.* 104 S.Ct. at 2021. Under the separation analysis, a procedural claim is wholly collateral to a claim for benefits and therefore administrative exhaustion is not required. A substantive claim is not collateral to a claim for benefits and therefore exhaustion is required. When a claim appears to be both substantive and procedural, the test is whether the procedural claims are "inextricably intertwined" with the claims for benefits.

Within the particular context of a claim asserted under the Medicare Act, Justice Rehnquist concluded that the plaintiffs' claims were inextricably intertwined with their claims for benefits and therefore not collateral to them. *Id.* He found that the relief which plaintiffs sought to redress their "procedural" objections is the invalidation of the Secretary's current policy *and* a "substantive" declaration from her that the expenses of BCBR surgery are reimbursible under the Medicare Act. *Id.* In further explaining his finding that the procedural claims for injunctive and declaratory relief were inextricably intertwined with substantive claims for benefits, Justice Rehnquist observed: "Following the declaration which respondents seek from the Secretary—that BCBR surgery is a covered service—only essentially ministerial details will remain before respondents would receive reimbursement," *id.* at 2022.

In the present case, the Secretary argues that *Ringer* compels a finding that claims of the plaintiff class, based on declaratory and injunctive relief, are inextricably intertwined with claims for benefits. According to *Ringer*, she reasons that where, as here, the plaintiffs seek to invalidate the Secretary's current policy, their claims are not collateral to claims for benefits and therefore they must exhaust the administrative remedies. Since some members of the plaintiff class did not exhaust their administrative remedies, the Secretary concludes that the class is impermissibly broad and should be narrowed.

The Court disagrees with the Secretary's broad interpretation of *Ringer*. Throughout his opinion, Justice Rehnquist referred to the "particular" claims involved. In doing so, he emphasized that the determination of declaratory and injunctive relief on this issue under the Medicare Act would leave the Secretary no alternative but to grant the plaintiffs' reimbursement claims. The Court's narrow interpretation of *Ringer* is reinforced by Justice Rehnquist's reference to "only essentially ministerial details" remaining after the relief sought if it were granted. *Id.* at 2022.

In the present case, notwithstanding the plaintiffs' attempt to invalidate the Secretary's current policy, the Court finds that more than "ministerial details" remain before members of the plaintiff class will receive benefits. The Court's order which invalidated two of the Secretary's regulations required her to hold new disability hearings in order to apply the correct standard for disability as defined by the Court. *Johnson v. Heckler,* 593 F.Supp. 375, 381–82 (N.D.Ill.1984). Since some members of the plaintiff class may not be awarded disability benefits after the new hearings, an award of benefits is by no means automatic or ministerial. *Johnson v. Heckler, supra,* 100 F.R.D. at 74. Therefore, the Court concludes that plaintiffs' claims are collateral to claims for benefits. *Id.*

█ Since the Secretary does not challenge the Court's order certifying the class on any other factors, i.e., plaintiffs' sub-

stantial interest in prompt judicial review, *i.d.,* the Court holds that administrative exhaustion is not required and the plaintiff class will not be narrowed.

### 3. *The Severity Regulation*

The Secretary argues that recent Congressional action and case law require reconsideration of the September 19, 1984 order and affirmance of the severity regulation's validity. More specifically, she argues that the Conference Report accompanying the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, explicitly endorses her sequential evaluation process and the concept of severity. H.Rep. No. 1039, 98th Cong., U.S.Code Cong. & Admin.News 1984, p. 3038 (Printed at 130 Cong.Record 9827, September 19, 1984). In addition, she contends that recent case law underscores the conclusion that a claimant may be denied benefits on a medical determination of nonseverity alone, without consideration of age, education, and vocational factors. Plaintiffs counter that the Secretary's severity regulation exceeds an acceptable *de minimis* threshold test, even though they concede the validity of the severity concept.

The Court finds nothing in the Secretary's two arguments to persuade it to reconsider its previous order invalidating step two of the sequential process. First, the Conference Report's general endorsement of the sequential evaluation process does not affect the Court's narrow ruling that the substitution of "basic work activities" under the regulation for "previous work" under the statute impermissibly increases the claimant's burden of proof. The Court invalidated neither the sequential evaluation process nor the severity concept. The Court essentially agreed with the plaintiffs that the second step of the sequential process exceeds a *de minimis* threshold severity test and is therefore outside of the proper scope of the Secretary's authority.

Second, the case law cited by the Secretary does not affect the previous ruling since the Court explicitly rejected the plain-

tiffs' assertion that vocational factors had to be considered at the second step. *Johnson v. Heckler, supra,* 593 F.Supp. at 379.

### 4. *Combined Effect of Nonsevere Impairments*

 The Secretary argues that recent Congressional action prevents the Court's previous order from being applied retroactively on the issue of the combined effect of nonsevere impairments. More specifically, she argues that the 1984 amendment of the Social Security Act which specifically refers to a combination of nonsevere impairments makes a change from the pre-1984 law and therefore the new policy should not be applied retroactively since Congress did not so provide. Plaintiffs counter that the amendment is a clarification of, not a change from, the pre-1984 law and as such the amendment is proof of the propriety of this Court's interpretation of the statute as it existed prior to the amendment.

The issue is whether the 1984 amendment is a change from the old law or a clarification of it. First, the Conference Report specifically states that the pre-1984 statute did not prohibit considering the combined effect of nonsevere impairments: "There is no statutory provision concerning the consideration of the combined effects of a number of different impairments." 130 Cong.Record 9829 (September 19, 1984). In addition, the Report refers to the Secretary's regulations and the "current policies" to describe the Secretary's practice of refusing to combine nonsevere impairments. Therefore, the Court interprets the Report to refer to the Secretary's policy as being incorrect rather than the statute itself prohibiting the combined effect of nonsevere impairments. This observation suggests that Congress intended to correct the Secretary's policy by clarifying the statute rather than to change a contrary policy mandated by the old law.

Second, the Court is convinced that Congress intended a clarification, rather than a change, since the 1984 amendment makes the statute consistent with the Court's interpretation of the statute, *Johnson v.*

*Heckler, supra,* 593 F.Supp. at 381. Where, as here, subsequent legislation reflects an interpretation of the earlier Act, the amendment is entitled to great weight in determining the meaning of the earlier statute. *Brown v. Marquette Sav. and Loan Ass'n,* 686 F.2d 608, 615 (7th Cir. 1982). Therefore, the Court holds that its September 19, 1984 order may be applied retroactively to members of the plaintiff class.

## II. CONCLUSION

Defendant's motion to alter or amend the Court's order dated September 19, 1984 is denied. Defendant's motion to stay the order pending the outcome of the above motion is denied for mootness.

IT IS SO ORDERED.