Claire McDONALD et al., Plaintiffs,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 84–2190–G.

United States District Court, D. Massachusetts.

June 27, 1985.

Sarah Anderson, Linda L. Landry, Neighborhood Legal Services, Lynn, Mass., Laura Rosenthal, Mass. Law Reform Institute, Boston, Mass., for plaintiffs.

Asst. U.S. Atty. Marianne Bowler, U.S. Atty., Boston, Mass., U.S. Atty. Gen., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

GARRITY, District Judge.

Plaintiffs in the instant class action challenge the regulatory policies of the Social Security Administration which are used to deny disability benefits to claimants on the grounds that their impairments are not severe. These policies are found in both the regulations and Social Security rulings. 20 C.F.R. §§ 404.1520(c); 404.1521; 416.920(c); 416.921; SSR 82-55; and SSR 82-56.[1] Plaintiffs claim that these regulations and rulings violate the definition of disability contained in the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A), as well as plaintiffs' constitutional rights. Defendant Secretary of Health and Human Services has moved to dismiss this action in light of the Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460, 98 Stat. 1794 et seq. ("the 1984 Act"), and for lack of jurisdiction. Plaintiffs have moved for class certification. After hearing oral argument and considering the numerous briefs submitted by the parties, the court denies the Secretary's motion to dismiss in part and grants it in part. Plaintiffs' motion for class certification is granted.

### I. The Secretary's Severity Policies

In the Social Security Act, the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable phy-

---

**1.** The regulations in 20 C.F.R. § 404.1 et seq. relate to Title II of the Social Security Act ("SSI"), the regulations in 20 C.F.R. 416.101 et seq. relate to Title XVI of the Act ("SSDI"). The regulations that relate to the severity policies of the Secretary are identical under SSI and SSDI. For simplicity, the court will refer to SSI regulations only.

sial or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). This definition was clarified in 1967 with the addition of 42 U.S.C. § 423(d)(2)(A), which provides:

(2) For purposes of paragraph (1)(A)— (A) an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

In 1968, the Secretary issued a regulation which provided that "[m]edical consideration alone can justify a finding that the individual is not under a disability when the only impairment is a slight neurosis, slight impairment of sight or hearing or other slight abnormality or combination of slight abnormalities." 20 C.F.R. § 404.1502(a) (1968). This regulation was replaced in 1978 by the current so-called severity test, which was incorporated as step two of the five step sequential analysis for evaluating disability claims. 20 C.F.R. § 404.1520. The severity test provides:

(c) You must have a severe impairment. If you do not have any impairment(s) which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.

"Severe impairment" is defined in 20 C.F.R. § 404.1521, which is set out in the margin.[2] If a claimant is determined not to have a severe impairment at step two, a finding of not disabled is made without further consideration under steps three through five. 20 C.F.R. § 404.1520(a). Finally, 20 C.F.R. § 404.1522 states that the Secretary will not combine two or more unrelated impairments to determine whether the claimant is suffering from a severe impairment; each impairment must meet the severity test independently.

Plaintiffs claim that the severity test is inconsistent with the Social Security Act because it allows the Secretary to deny benefits to claimants without considering their functional limitations and vocational capacities. They object to the use of the severity test as an independent test of eligibility instead of as a *de minimus* or threshold test that screens out frivolous claims. *See Brady v. Heckler*, 11 Cir.1984, 724 F.2d 914; *Stone v. Heckler*, 5 Cir.1985, 752 F.2d 1099.[3] Plaintiffs also challenge the Secretary's policy of refusing to com-

2. § 404.1521 What we mean by an impairment that is not severe.

(a) Non-severe impairment. An impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities.

(b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

3. Plaintiffs also claim that the severity policies violate their due process rights because they are inherently vague and that they create impermissible classes of disability claimants in violation of their equal protection rights. They also argue that the Secretary has changed her policies in violation of the Administrative Procedures Act, 5 U.S.C. §§ 553, 706(2)(D).

bine "nonsevere" impairments in determining whether a claimant is disabled.

## II. The Secretary's Motion to Dismiss

### a. The 1984 Act

The Secretary has moved to dismiss this action as moot in light of the 1984 Act. Section 4(a)(1) of the 1984 Act amended Section 223(d)(2) of the Social Security Act, 42 U.S.C. § 423(d)(2), by adding a new subparagraph (C), which provides as follows:

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Secretary does find a medically severe combination of impairments, the combined impact of the impairment shall be considered throughout the disability determination process.

*See also* 1984 Act §§ 4(a)(2), (b). The amendment therefore requires the Secretary to consider the combined effect of all of an individual's impairments in determining whether that individual's condition is of a sufficient medical severity to be entitled to benefits.

■ This amendment became effective on December 1, 1984 under § 4(c) of the 1984 Act. Therefore, plaintiffs' claim concerning the Secretary's policy of not consid-ering the combined effect of non-severe impairments is moot with respect to proposed class members who had not exhausted their administrative remedies as of that date, but not as to those proposed class members who received a final decision from the Secretary prior to the effective date.[4]

■ The 1984 Act does not moot plaintiffs' claims regarding the validity of the Secretary's severity policies. We concur with Judge Garcia's decision in *Smith v. Heckler*, Civ. No. S–83–1609 EJG (E.D.Cal. May 1, 1985), that neither the language of the 1984 Act nor its legislative history indicate that Congress validated the Secretary's regulations and rulings regarding the severity policies. The language of the new subsection added by the 1984 Act does no more than require that the Secretary discontinue her policy of refusing to consider the combined effect of non-severe impairments. Furthermore, the Conference Committee rejected the language of the Senate Finance Committee Report which expressed some support for the Secretary's severity policies. While the Conference Committee Report endorses the Secretary's sequential evaluation process, it does not validate the severity test used by the Secretary.[5] Therefore, we find that plaintiffs' claims concerning the severity test are not mooted by the 1984 Act. *See also Johnson v. Heckler*, 607 F.Supp. 875 (N.D.Ill.1984); *Stone v. Heckler*, 5 Cir.1985, 752 F.2d 1099; *but see Hall v. Heckler*, N.D.Cal.1985, 602 F.Supp. 1169.

---

**4.** The question remains whether the Secretary was required to consider the combined effect of non-severe impairments under the Act prior to the 1984 Amendments. *See Johnson v. Heckler*, 607 F.Supp. 875 (N.D.Ill.1984) (Secretary required to consider the combined effect of non-severe impairments prior to the 1984 Act); *but see Hall v. Heckler*, 602 F.Supp. 1169 (W.D.Ark. 1985) (adopting Magistrate's Proposed Findings and Recommendations dated January 4, 1984, which held that the Secretary was not required to consider the combined effect of all impairments prior to the 1984 Act). (The court does not have citations to these and other cases later referred to in this memorandum because copies of the cases were furnished by the parties without official citations.)

**5.** If anything, the Conference Committee Report indicates that Congress believes that the role of the severity step should be quite limited when it states that "a determination that an individual is not disabled may be based on a judgment that an individual has not impairment, or that the medical severity of his impairment or combination of impairments is *slight enough to warrant a presumption even without a full evaluation of vocational factors*, that the individual's ability to perform [Substantial Gainful Activity] is not seriously affected" (emphasis added). H.R.Rep. No. 1039, 98th Cong., Sess. 30 (reprinted at 130 Cong.Rec. H 9821, 9829, daily edition September 19, 1984), U.S.Code Cong. & Admin.News 1984, pp. 3038, 3088.

#### b. *Jurisdiction*

The Secretary has moved to dismiss this case due to lack of subject matter jurisdiction over the claims of the proposed plaintiff class. Plaintiffs allege jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) and 28 U.S.C. § 1361.

Jurisdiction under the Act is granted by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

The Secretary claims that the court does not have jurisdiction under this statute over four separate groups of potential class members: # 1) those claimants who have not yet exhausted their administrative remedies, i.e., who have not received a final decision of the Secretary; # 2) future claimants of benefits under the Act; # 3) those claimants who have failed to meet the 60 day requirement because they did not exhaust their administrative remedies by applying to the next administrative level within 60 days or because they did not file a court action within 60 days after receiving a final decision of the Secretary; and # 4) those claimants who have received a final court decision.[6]

■ At the December 28, 1984 hearing, the court dismissed the claims of those proposed class members still in the "administrative pipeline" (group # 1) because those individuals were still in a position to challenge the Secretary's severity policies in light of the statements made by Congress referred to *ante* in footnote 5 and because the Conference Committee stated that it relied on the Secretary's assurance that she would reevaluate her current criteria for non-severe impairments. The Secretary has not revised her current severity policies since the 1984 Act was passed last October, and there is no suggestion that she intends to do so.[7] It is no longer appropriate to require these claimants to challenge the severity policies on an individual basis and, therefore, the court reverses its ruling of December 28, 1984.

■ Furthermore, the court has jurisdiction over these proposed class members who have not exhausted their administrative remedies under 42 U.S.C. § 405(g). There are two jurisdictional requirements to this statute: 1) a claim for benefits must have been filed, and 2) the Secretary must have made a final decision on that claim. *Mathews v. Eldridge*, 1976, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18. While the first requirement is nonwaivable, the second requirement is waivable by the court when the plaintiffs' legal claims are collateral to their demand for benefits and the plaintiff's interest in prompt judicial review is so great that deference to the agency's judgment is inappropriate. *Id.* at 328–30, 96 S.Ct. at 899–900. These proposed class members have met the nonwaivable presentment requirement. The court waives the exhaustion requirement because we find that plaintiffs' claims are wholly collateral to their individual claims for benefits since plaintiffs challenge a procedure of the Secretary and, therefore, resolution of the issues in their favor will not result in an automatic award of benefits. *See Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). There is also a great need for prompt resolution of plaintiffs' claims as the severity step is critical to the disability determination process.

---

**6.** The Secretary does not contest the court's jurisdiction over the claims of those proposed class members who have exhausted their administrative remedies and have either filed a court action within 60 days or were given a final decision of the Secretary within 60 days of the filing of the instant action.

**7.** The vigor with which the Secretary is fighting cases challenging the severity policies around the country indicates that she strongly supports her current policies.

■ Those individuals who have not filed a claim for benefits with the Secretary (group # 2) have not met the nonwaivable presentment requirement of § 405(g). This court will not have jurisdiction over their claims until they have made a claim for benefits in some form. *See State of New York v. Heckler,* 83 Civ. 5903 (S.D.N.Y. March 18, 1985).

■ The next group of potential class members consists of those individuals who have failed to comply with the 60 day requirement of § 405(g) (group # 3). We hold that this requirement is a statute of limitations which is waivable by the parties and, under certain circumstances, by the court, rather than a jurisdictional requirement. *Weinberger v. Salfi,* 1975, 422 U.S. 749, 763-4, 95 S.Ct. 2457, 2465-66, 45 L.Ed.2d 522; *see also City of New York v. Heckler,* 2 Cir.1984, 742 F.2d 729; *Lopez v. Heckler,* 9 Cir.1984, 725 F.2d 1489; *Mental Health Association of Minnesota v. Heckler,* 8 Cir.1983, 720 F.2d 965; *but see Hunt v. Schweiker,* 4 Cir.1982, 685 F.2d 121; *Whipp v. Weinberger,* 6 Cir.1974, 505 F.2d 800. However, even if this 60 day requirement were waivable by the court where " 'deference to the agency's judgment is inappropriate,' " *Lopez, supra* at 1506 (quoting *Mathews v. Eldridge,* 424 U.S. at 330, 96 S.Ct. at 900) (waiver appropriate where the Secretary is following a policy of nonacquiescence); *City of New York, supra* (waiver appropriate where the Secretary has followed a clandestine policy), this, in our opinion, is not such a case. The Secretary's strong position on the severity test has been evident in her regulations and rulings as well as in the numerous cases raising these issues around the country and therefore has not been clandestine as plaintiffs suggest. We see no other justification for waiver in this case. Hence, the court does not have jurisdiction over their claims under § 405(g).

■ Nor does the court have jurisdiction over these proposed class members under 28 U.S.C. § 1361. A writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer, supra* at 2022–2023. These plaintiffs failed to exhaust their administrative or judicial remedies under § 405(g) and, therefore, this court has no mandamus jurisdiction over their claims. *See Hyatt v. Heckler,* 4 Cir.1985, 757 F.2d 1455, 1461; *but see City of New York, supra* at 739. Hence, the claims of these plaintiffs are dismissed for lack of jurisdiction.

■ Finally, the claims of those proposed class members who have appealed their denial of benefits to the courts and have received a final court decision (group # 4) are dismissed. Res judicata bars these plaintiffs from participation in this action.

### III. *Plaintiffs' Motion for Class Certification*

■ Plaintiffs seek to maintain this suit as a class action under F.R.Civ.P. 23(b)(2). We find that plaintiffs have satisfied the requirements of Rule 23 and certify the following class:

All persons residing in Massachusetts who have filed or will file applications for disability benefits under Title II or Title XVI of the Social Security Act, and whose benefits have been or will be denied on the grounds that they do not have a severe impairment, pursuant to the policies set forth in 20 C.F.R. §§ 404.1520(c), 404.1521, 404.1522, 416.-920(c), 416.921, and 416.922 and Social Security Rulings cum. ed. 82–55 and 82–56 (1982).[8]

Plaintiffs have met the four threshold requirements of Rule 23(a). First, the

---

**8.** This class definition does not include recipients of benefits whose benefits have been or will be terminated by the Secretary since review of their claims will be done pursuant to section 2 of the 1984 Act, which does not include the severity test. The definition also does not include those proposed class members whose claims have been ordered dismissed in a previous section of this memorandum.

class is so numerous as to make joinder of all members impracticable. While the exact size of this class is unknown, plaintiffs have presented statistics to the court which indicate that the class is extremely large. For example, from January to June of 1984 alone, approximately 3,293 individuals in Massachusetts were denied benefits at the initial and reconsideration levels of the determination process on the basis that their impairment was not severe. This figure represented 31.4 percent of all applications denied in this state during that period. Furthermore, according to the Secretary's own statistics, 40.3 percent of all claims for benefits were denied on these grounds in 1982. Since she has not changed her policies since that date, it is reasonable to conclude that the same percentage of individuals have been and will continue to be denied benefits for lack of a severe impairment. These individuals claim to be disabled and of low income. It is therefore impracticable for these persons to bring individual lawsuits challenging the Secretary's policies. Second, there are common questions of law in this case, viz., whether the severity policies of the Secretary violate the Social Security Act, the Administrative Procedure Act, and the United States Constitution. Third, the claims of the named plaintiffs are co-extensive with those of the unnamed class members, thus meeting the typicality requirement. Fourth, there is no antagonism of interests between the representatives and the class and we are confident that the named plaintiffs and their counsel will fairly and adequately protect the interests of the class. Finally, we find that this class action is properly brought pursuant to Rule 23(b)(2), as plaintiffs seek declaratory and injunctive relief with respect to the entire class concerning the policies of the Secretary which have been applied to each class member; and do not seek damages.

### IV. *Summary and Order*

The Secretary's motion to dismiss is allowed with respect to those proposed class members who failed to meet the 60 day requirement of 42 U.S.C. § 405(g) and those proposed class members who have received a final court decision on their individual claims, but is denied in all other respects. Plaintiffs' motion for class certification is granted.[*] The issues in this case are ripe for decision on cross-motions for summary judgment. Therefore, the parties shall file by July 8, 1985 a proposed briefing and hearing schedule.