Miller v. Soc. Sec. Admin.          CV-96-69-SD    06/06/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Judith Miller


     v.                                    Civil No. 96-69-SD


Shirley Chater, Commissioner,
 Social Security Administration


O R D E R


     Defendant moves to dismiss this action for untimely filing.
Document 3.  No objection has been filed by the plaintiff.


1.  Background

     On February 8, 1996, plaintiff filed a complaint against
Shirley Chater, Commissioner of the Social Security
Administration (Commissioner), for improper denial of her claim
for disability insurance benefits.  Plaintiff has exhausted her
administrative remedies, the Appeals Council of the Social
Security Administration having denied on November 29, 1995,
plaintiff's request for review of the Administrative Law Judge's
denial of plaintiff's claim.  This became the final decision of
the Commissioner, requiring that any pleading seeking judicial
review be filed within sixty days of receipt of the notice of the

Appeals Council.

2.  Discussion

The relevant statute, section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides that review of a final decision of the Commissioner may be obtained "by a civil action commenced within sixty days after the mailing to [the party seeking review] of notice of such decision or within such further time as the Commissioner of Social Security may allow."  (Emphasis added.) No request for such extension was made or allowed in the instant case.  By regulation codified at 20 C.F.R. § 422.210(c), the Commissioner has interpreted the term "mailing" as the date of receipt by the plaintiff of the Appeals Council's notice of denial of the request for review.  The date of receipt is "presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).

Here, the complaint states that the November 29, 1995, notice was received by plaintiff's counsel on December 4, 1995. Accordingly, the 60-day limit for filing of the complaint terminated as of February 2, 1996.  The complaint was not filed until February 8, 1996.

The First Circuit, Small v. Gardner, 390 F.2d 186 (1st

2

Cir.), cert. denied, 393 U.S. 984 (1968), and other circuits have upheld the 60-day time limitation. See, e.g., Thibodeaux ex rel. Thibodeaux v. Bowen, 819 F.2d 76 (5th Cir. 1987); Dietsch v. Schweiker, 700 F.2d 865 (2d Cir. 1983); Hunt v. Schweiker, 685 F.2d 121 (4th Cir. 1982); Biron v. Harris, 668 F.2d 259 (6th Cir. 1982); Peterson v. Califano, 631 F.2d 628 (9th Cir. 1980); Teague v. Califano, 560 F.2d 615 (4th Cir. 1977); Neighbors v. Secretary of Health, Education and Welfare, 511 F.2d 80 (10th Cir. 1974); Whipp v. Weinberger, 505 F.2d 800 (6th Cir. 1974).

Additionally, the time limit has been strictly enforced, including a case wherein the filing was but one day late. O'Neill v. Heckler, 579 F. Supp. 979 (E.D. Pa. 1984). Moreover, the regulation, 20 C.F.R. § 422.210(c) does not change the basic limitation period from 60 to 65 days. Worthy v. Heckler, 611 F. Supp. 271, 273 (W.D.N.Y. 1985).[*]

3.  Conclusion

As hereinabove indicated, plaintiff had 60 days from the receipt of notice on December 2, 1995, or until February 2, 1996, to file the complaint herein. Because plaintiff did not file until February 8, 1996, defendant's motion to dismiss on the

--------------------

[*]The complaint indicates that plaintiff may have misapprehended the time limitation to be 65 rather than 60 days.

3

ground that this action is barred by the time limitations contained in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), must be and it is herewith granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 6, 1996

cc:  Raymond J. Kelly, Esq.
     David L. Broderick, Esq.

4