David DIXON, Ricardo Ramirez, Ophelia Casey, Dominga Carrasquillo, Joanne Lockett, Eulalia Terez, Carmen Feliciano, and Tomasina Gonzalez, Individually and on Behalf of All Others Similarly Situated, Plaintiffs-Appellees,

and

The State of New York and Cesar Perales, as Commissioner of the New York State Department of Social Services, Plaintiffs-Intervenors-Appellees,

v.

Margaret M. HECKLER, as Secretary of the Department of Health and Human Services, Defendant-Appellant.

Nos. 611–614, Dockets 84–6288, 84–6302, 84–6304 and 84–6306.

United States Court of Appeals, Second Circuit.

Argued Dec. 18, 1985.

Decided March 7, 1986.

Nancy Morawetz, New York City (The Legal Aid Society, Kalman Finkel, John E. Kirklin, Marshall Green, Stephen Loffredo, Arthur J. Fried, Conrad A. Johnson, Jon C. Dubin, Robert Abrams, Atty. Gen., State of N.Y., O. Peter Sherwood, Deputy Sol. Gen., Paul Glickman, Mary Fisher Bernet, Assistant Attys. Gen., on brief), for plaintiffs-appellees and plaintiffs-intervenors-appellees.

Denny Chin, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., Rosemarie E. Matera, Sp. Asst. U.S. Atty., Jane E. Booth, Asst. U.S. Atty., New York City, on brief), for defendant-appellant.

Before OAKES, KEARSE and PIERCE, Circuit Judges.

KEARSE, Circuit Judge:

The Secretary of Health and Human Services ("Secretary") appeals from orders of the United States District Court for the Southern District of New York, Morris E. Lasker, *Judge*, granting and refusing to vacate a preliminary injunction that, *inter alia*, forbids the Secretary to deny or terminate disability benefits on the basis of 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), and 416.921 (1984), the so-called "severity regulations" used by the Secretary in evaluating claims for disability benefits under the Social Security Disability Insurance program established by Title II of the Social Security Act, as amended (the "Act"), 42 U.S.C § 401 *et seq.* (1982), and the Supplemental Security Income program established by Title XVI of the Act, as amended, 42 U.S.C. § 1381 *et seq.* (1982). In an opinion reported at 589 F.Supp. 1494 (1984), the

court granted the preliminary injunction after finding that plaintiffs had demonstrated a likelihood of success on the merits of their claim that the severity regulations violate the Act. The court denied the Secretary's subsequent motion to vacate the preliminary injunction, rejecting the contention that amendments to the Act enacted after entry of the preliminary injunction constituted a legislative ratification of the severity regulations. On appeal, the Secretary contends that the injunction is improper because the regulations are consistent with the Act and because the court failed to give sufficient deference to the Secretary's longstanding interpretation of the Act. We conclude that the granting of the injunction was not an abuse of the court's discretion and we therefore affirm.

## BACKGROUND

In determining the eligibility of applicants for disability benefits under Title II or Title XVI of the Act, the Secretary uses a five-step sequential evaluation process, of which the severity regulations are a part. Under this process, only certain types of evidence are considered at each step of the evaluation. At issue in the present case is step 2; a failure to meet the disability criteria set by step 2 results in a denial of benefits without proceeding to any later step. In *City of New York v. Heckler*, 742 F.2d 729, 732 (2d Cir.1984), *cert. granted,* — U.S. —, 106 S.Ct. 57, 88 L.Ed.2d 46 (1985), we described the process as follows:

The first step in the sequential process is a decision whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied. 20 C.F.R. §§ 404.1520(a), (b), 416.920(a), (b) (1983). If not, the second step is a decision whether the claimant's medical condition or impairment is "severe." If not, benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment is "severe," the third step is a decision whether the claimant's impairments meet or equal the "Listing of Impairments" set forth in subpart P, app. 1, of the social security regulations, 20 C.F.R. §§ 404.-1520(d), 416.920(d). These are impair-

ments acknowledged by the Secretary to be of sufficient severity to preclude gainful employment. If a claimant's condition meets or equals the "listed" impairments, he or she is conclusively presumed to be disabled and entitled to benefits. If the claimant's impairments do not satisfy the "Listing of Impairments," the fourth step is assessment of the individual's "residual functional capacity," *i.e.*, his capacity to engage in basic work activities, and a decision whether the claimant's residual functional capacity permits him to engage in his prior work. If the residual functional capacity is consistent with prior employment, benefits are denied. 20 C.F.R. §§ 404.1520(d), 416.920(e). If not, the fifth and final step is a decision whether a claimant, in light of his residual functional capacity, age, education, and work experience, has the capacity to perform "alternative occupations available in the national economy." *Decker v. Harris*, 647 F.2d 291, 298 (2d Cir.1981); 20 C.F.R. §§ 404.1520(f), 416.920(f). If not, benefits are awarded.

At the times pertinent to the proceedings below, step 2 of the sequential process was set forth in the Secretary's regulations as follows:

*You must have a severe impairment.* If you do not have any impairment(s) which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520(c), 416.920(c) (1984).

The plaintiffs in these actions, which have been consolidated for appeal, are persons whose applications for disability benefits were denied by the Secretary at the second step of the evaluation process on the ground that the medical evidence alone as to any single impairment, without regard to the claimants' age, education, employment experience, ability to return to prior work, or other vocational factors, failed to establish the existence of an im-

pairment that significantly limited their ability to perform basic work activities. To the extent pertinent here, the plaintiff class consists of persons in the State of New York who have been or will be denied disability benefits under Title II or Title XVI of the Act or who have had or will have such benefits terminated on the basis of the severity regulations. Plaintiffs contend, *inter alia*, that the Act requires consideration of vocational factors such as age, education, and work experience, before an applicant may be found not disabled, and that step 2 of the Secretary's process is therefore inconsistent with the Act. They also contend that the Secretary is required to consider their impairments in combination and is not to require that a single impairment be sufficiently severe to constitute a disability without consideration of their other impairments.

## A. *The Granting of the Preliminary Injunction*

Following the commencement of the litigation, plaintiffs moved for a preliminary injunction

(1) prohibiting the Secretary from denying or terminating Social Security or SSI benefits due to the asserted non-severity of the claimant's impairments; (2) directing the Secretary to restore benefits to all members of the proposed class who (a) received decisions, finding them no longer eligible for benefits that were rendered at any stage of the administrative process, on July 20, 1983 or thereafter, or (b) had pending challenges to such decisions on July 20, 1983; and (3) directing the Secretary to reopen the applications of all class members whose applications for benefits have been denied by the Secretary, at any stage of the administrative process, since July 20, 1983, and to redetermine these applications without reference to the threshold severity test.

589 F.Supp. at 1501. Applying only the more exacting branch of this Circuit's standard for the granting of preliminary injunctive relief, *see Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979) (per curiam) (moving party must show, in addition to irreparable injury, either (a) likelihood of success on the merits, or (b) fair ground for litigation plus a balance of hardships tipping decidedly in his favor), the court granted the motion on the ground that plaintiffs had established a likelihood of success on the merits of their claims and had shown that they would suffer irreparable harm in the absence of preliminary injunctive relief. In considering plaintiffs' likelihood of succeeding on the merits of their claims, the court noted that the scope of its review, in light of the Secretary's authority to establish regulations implementing the disability provisions of the Act, was limited to a determination of whether the regulations that had been promulgated " 'exceeded the Secretary's statutory authority and whether they [were] arbitrary and capricious.' " 589 F.Supp. at 1502 (quoting *Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983)).

The court began by looking at the language of the definition of disability found in 42 U.S.C. §§ 423(d) and 1382c(a)(3). Sections 423(d)(1)(A) and 1382c(a)(3)(A) define "disability" as the inability

to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

Sections 423(d)(2)(A) and 1382c(a)(3)(B) go on to state that "[f]or purposes of" this definition, a person will be found disabled only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work ....

Reading the two subsections together, the court concluded that the statute appears to require that a claimant's age, education, and work experience be considered in determining whether or not he is disabled. The

court noted that on at least two occasions this Court had reserved decision on the question of the validity of the severity regulations, *see Keith v. Heckler,* 732 F.2d 1089, 1094 (2d Cir.1984), and *Chico v. Schweiker,* 710 F.2d 947, 953 (2d Cir.1983), and that in *Chico* we had noted "a seeming conflict between the letter of § 423(d)(2)(A), on the one hand, and, on the other, the Secretary's understandable desire to supply ... some threshold that a claimant must pass before the Social Security Administration is required either to apply the Appendix 2 guidelines or to call vocational experts," 710 F.2d at 953. The district court concluded that since the statute speaks of "an impairment (or impairments) which is *'of such severity that'* the claimant cannot, 'considering his age, education and work experience,' perform any substantial gainful work," 589 F.Supp. at 1502 (emphasis in opinion), the Secretary had separated two aspects of the disability inquiry that were intertwined in the statute, and that step 2 of the severity regulations foreclosed consideration of one aspect that the statutory definition required to be taken into account.

The court rejected the Secretary's contention that her interpretation of the statute reflected Congress's true intent, noting that in other sections of the statute, such as 42 U.S.C. § 423(d)(2)(B), Congress's intent to permit the denial of benefits without consideration of vocational characteristics had been expressed unambiguously. It also rejected the contention that the severity regulations merely serve to screen out claims in which the impairment is plainly de minimis, finding that that contention was inconsistent with the language of the regulations. The court further noted that although the severity regulations speak of the claimant's ability to perform basic work-related activities, the Secretary means by this such activities as walking, standing, sitting, lifting, following instructions, and responding appropriately to co-workers and supervisors, *see* 20 C.F.R. § 404.1521(b), and that the term "basic" work-related activities is not used to refer to the claimant's vocational characteristics.

In sum, the court concluded that plaintiffs would likely establish that the severity regulations were inconsistent with the definition of disability enacted by Congress and that the authority of the Secretary thus to interpret the statute did not extend so far.

### B. *The Denial of the Motion to Vacate*

Some two months after the granting of plaintiffs' motion for a preliminary injunction, Congress passed the Social Security Disability Benefits Reform Act of 1984 (the "Reform Act"), Pub.L. No. 98–460, 98 Stat. 1794. The Secretary, who had filed notices of appeal from the order granting the preliminary injunction, withdrew those appeals without prejudice to their reinstatement and moved for an order vacating so much of the preliminary injunction as, *inter alia,* enjoined use of the severity regulations, on the ground that the Reform Act's addition of a new subparagraph (C) to 42 U.S.C. § 423(d)(2), together with Congress's failure explicitly to repeal the severity regulations, constituted a legislative ratification of the severity regulations. The new provision relied on reads as follows:

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Secretary does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

Pub.L. No. 98–460, § 4(a)(1), 98 Stat. 1800.

The court denied the Secretary's motion, noting evidence that Congress had deliberately declined to express support for the severity regulations and concluding that the new provision was intended simply to eliminate the Secretary's practice of re-

fusing to consider impairments in combination:

"The language of the new subsection added by the 1984 Act does no more than require that the Secretary discontinue her policy of refusing to consider the combined effect of non-severe impairments. Furthermore, the Conference Committee rejected the language of the Senate Finance Committee Report which expressed some support for the Secretary's severity policies. While the Conference Committee Report endorses the Secretary's sequential evaluation process, it does not validate the severity test used by the Secretary."

Decision dated July 22, 1985 (quoting *McDonald v. Heckler*, 612 F.Supp. 293, 297 (D.Mass.1985)).

The Secretary appealed from the denial of its motion to vacate and reinstated its prior appeals from the order granting the preliminary injunction. All of the appeals have been consolidated herein.

## II. DISCUSSION

On appeal, the Secretary argues principally that the district court's grant of preliminary injunctive relief was improper because the severity regulations are fully consistent with the Act and because, in any event, the court should have deferred to the Secretary's longstanding view that medical evidence alone may justify a finding that the claimant is not disabled within the meaning of the Act. Whether or not these substantive contentions may prevail on the ultimate decision of the merits of plaintiffs' claims, we are unpersuaded that the preliminary injunction should be disturbed.

The proper standard for appellate review of an order of the district court granting a preliminary injunction is whether or not the order constituted an abuse of judicial discretion. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931–32, 95 S.Ct. 2561, 2567–68, 45 L.Ed.2d 648 (1975); *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 206 (2d Cir. 1979). Such an abuse of discretion may

take the form of the application of erroneous legal principles, or error in findings of fact, or error in the substance or form of the injunction. *E.g., Coca-Cola Co. v. Tropicana Products, Inc.*, 690 F.2d 312, 315 (2d Cir.1982). We are unpersuaded that the district court abused its discretion in granting preliminary injunctive relief.

First, we note that the Secretary does not contend that the court erred with respect to any finding of fact, or with respect to the issue of irreparable injury, or with respect to the form of the injunction. Her contentions are, rather, that the court failed to give sufficient deference to the Secretary's interpretation of the Act and adoption of regulations to implement the Act as thus interpreted. We find in these contentions no ground for reversal of the preliminary injunction. It is clear that the court recognized the applicable legal principle that substantial deference must be given to the Secretary's views. It noted that its task was limited to a determination of whether the Secretary had exceeded her statutory authority and whether the regulations were arbitrary and capricious. It thus appears that the court made its decision within the proper legal framework.

Nor do we find an abuse of discretion in the court's comparison of the regulations with the Act in light of the Secretary's considerable discretion. The conclusion the court reached as to the likelihood that the two are in conflict does not bespeak any application of erroneous legal principles. This Court itself has noted the apparent conflict between the statutory language and the severity regulations, *see Chico v. Schweiker*, 710 F.2d at 953, and we have, as the district court noted, twice reserved for another day the question of whether the severity regulations violate the Act.

Further, we are not persuaded that the legislative history of the Reform Act should have been viewed by the district court as a clear ratification of the severity regulations. As the district court's opinion noted, there was some support in the Senate Finance Committee's report for the Sec-

retary's severity policies. That report stated that the Committee's proposed amendment of the Act, to require the Secretary to consider the combined effect of all of the individual's impairments, was not intended to change the existing sequential evaluation process and would "require[ ] the Secretary to determine first, on a strictly medical basis and without regard to vocational factors, whether the individual's impairments, considered in combination, are medically severe. If they are not, the claim must be disallowed." S.Rep. No. 466, 98th Cong., 2d Sess. 22 (1984). There was equally, however, an indication that the House of Representatives did not approve of a total disregard of vocational factors at step 2. Thus, the report of the House of Representatives Ways and Means Committee stated as follows:

> The current "sequential evaluation process" allows such a determination [that impairments are slight enough to warrant a presumption that work ability is not seriously affected], and the committee does not wish to eliminate or seriously impair use of that process. However, the committee notes that the Secretary has already planned to re-evaluate the current criteria for non-severe impairments, *and urges that all due consideration be given to revising those criteria to reflect the real impact of impairments upon the ability to work.*

H.R.Rep. No. 618, 98th Cong., 2d Sess. 8, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3038, 3045 (emphasis added). Neither the Senate's view nor the House of Representatives' view was incorporated into the Conference Committee's report. Rather, that report stated as follows:

> The conferees also believe that in the interests of reasonable administrative flexibility and efficiency, a determination that an individual is not disabled may be based on a judgment that an individual has no impairment, or that the medical severity of his impairment or combination of impairments is slight enough to warrant a presumption, even without a *full* evaluation of vocational factors, that the individual's ability to perform SGA is not seriously affected. The current "sequential evaluation process" allows such a determination and the conferees do not intend to either eliminate or impair the use of that process. The conferees note that the Secretary has stated that it is her plan to reevaluate the current criteria for nonsevere impairments and expect that the Secretary will report to the Committees on the results of this evaluation.

H.R.Conf.Rep. No. 1039, 98th Cong., 2d Sess. 30, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3080, 3088 (emphasis added). Precisely what was meant by the apparent endorsement of findings of no disability without a "full" evaluation of vocational factors is not clear. The implication would appear to be that the conferees would endorse *some* consideration of those factors at step 2 of the evaluation process. In any event, in the absence of greater clarity, the district court was hardly required to conclude that the legislative history constituted a definitive ratification of step 2's apparently complete disregard of vocational factors.

In all the circumstances, we are not prepared to say that the district court was wrong to find that plaintiffs had established a likelihood of success on their claims or that it abused its discretion in granting preliminary injunctive relief.

Having thus concluded that the preliminary injunction should not be overturned, we are nonetheless constrained to note that the Reform Act is not entirely without effect in this case. As noted by the district court, the Reform Act's addition of § 423(d)(2)(C) now expressly requires that the Secretary give consideration to the combined effect of impairments that individually may be nonsevere. Several of the plaintiffs in these actions had claimed disability on the basis of a number of impairments that the Secretary refused to consid-

er in combination. The district court noted such denials as to three of the four named plaintiffs in the *Dixon* action; the particulars of the claims of the plaintiffs in the other actions were not discussed.

The import of the Reform Act thus may well be that the evaluation of the claims of most of the class representatives will be extended beyond step 2 of the sequential evaluation process because of the severity of their impairments viewed in combination, without regard to the validity *vel non* of step 2 of the severity regulations. The Secretary does not appear to have moved for reconsideration of the preliminary injunction on this basis, however, and we thus decline to overturn the injunction on this basis. We do note, however, that, given the prudential concern for adjudicating challenges to agency determinations without unnecessarily reaching such global questions as the validity of promulgated regulations, this aspect of the Reform Act may well have implications for the eventual determination of the case on its merits, for the relief ultimately to be granted, for the definition of the class of plaintiffs attacking the severity regulations, and for the appropriateness of the present named plaintiffs to represent the certified class. None of these questions, however, is now before this Court.

## CONCLUSION

The orders of the district court granting and refusing to vacate the preliminary injunction are affirmed.