David **DIXON**, individually and on behalf of all others similarly situated, et al., Plaintiff,

v.

Otis R. **BOWEN**, M.D. Secretary of the Department of Health and Human Services, Defendant.

**And Other Related Cases.**

Nos. 83 Civ. 7001 (WCC), 83 Civ. 8264 (WCC), 83 Civ. 8609 (WCC) and 84 Civ. 110 (WCC).

United States District Court, S.D. New York.

Nov. 5, 1987.

---

Robert Abrams, Atty. Gen. for the State of N.Y., New York City, for plaintiff-intervenors, Cesar Perales and the State of N.Y.; Mary Fisher Bernet, Asst. Atty. Gen., of counsel.

John E. Kirklin, The Legal Aid Society, Civil Appeals & Law Reform Unit, New York City (Matthew Diller, of counsel), Douglass J. Seidman, The Legal Aid Society, New York City (Jean Schneider, of counsel), Morton B. Dicker, The Legal Aid Society, New York City (Susan Sternberg, of counsel), for the plaintiff class.

Nancy Morawetz, Washington Square Legal Services, New York City (Barbara Quackenbos, Legal Intern, of counsel), Counsel to The Legal Aid Society.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Steven E. Obus, Asst. U.S. Atty., Sapna V. Raj, Sp. Asst. U.S. Atty., Annette H. Blum, Chief Counsel —Region II, Peter G. O'Malley, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health and Human Services, of counsel), for defendant.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiffs are applicants for, or recipients of, benefits based on disability under the federal Supplemental Security Income ("SSI") and Old Age Survivor's Disability Insurance ("OASDI") programs, both of which are administered by the Secretary of Health and Human Services ("the Secretary") pursuant to the Social Security Act, as amended, 42 U.S.C. § 401 *et seq.* ("the Act"). They sue on behalf of themselves and all others similarly situated, seeking declaratory and injunctive relief against the Secretary's use of the severity regulations (20 C.F.R. §§ 404.1520(c) and 416.-920(c)) in evaluating disability claims. Pursuant to these regulations, the Secretary is authorized to deny claims based on a finding that a claimant's impairment is not severe. Specifically, the Secretary determines, solely on the basis of medical

factors, whether the claimant has a "severe" impairment which "significantly limits [his] physical or mental ability to do basic work activities." If the Secretary determines that a claimant's impairments are not severe, the Secretary may deny benefits on that basis alone without inquiring further.

This action was commenced in September 1983. By order dated July 26, 1984, Judge Lasker conditionally certified a statewide class consisting of all disability claimants whose benefits had been, or would in the future be, denied or terminated pursuant to the severity regulations or Social Security Ruling (SSR) 82-55, after July 20, 1983. The Court also granted a preliminary injunction, prohibiting the Secretary from denying or terminating disability benefits on the basis of the severity regulations. *Dixon v. Heckler*, 589 F.Supp. 1494, 1512 (S.D.N.Y.1984).

On appeal, the Second Circuit affirmed the court's order granting a preliminary injunction. *Dixon v. Heckler*, 785 F.2d 1102 (2d Cir.1986). Thereafter, the Supreme Court granted *certiorari*, vacated the judgment of the Court of Appeals and remanded the case for further consideration in light of its decision in *Bowen v. Yuckert*, —— U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), where the Court held that the legislative history and the language of the Act supported the Secretary's so called "step 2" regulation requiring disability claimants to make a threshold showing of impairment, based on medical criteria alone, before vocational factors would be considered. 107 S.Ct. at 2293-93. Subsequently, the Second Circuit ordered that the preliminary injunction issued by Judge Lasker be vacated, and remanded the case for further proceedings in light of *Yuckert*. See *Dixon v. Heckler*, 827 F.2d 765 (2d Cir.1987).

Following the ruling of the Supreme Court in *Yuckert*, defendant's counsel informed plaintiffs' counsel that the Secretary planned to reimplement the step 2 regulation on October 5, 1987. Plaintiffs maintain that because the record in this case demonstrates a systematic misapplica-

tion of the severity regulation, and shows that if the regulation is reimplemented this pattern of abuse will continue, this Court must enjoin application of the regulation and reinstate Judge Lasker's injunction.

*Discussion*

██ In ruling on these questions, defendant maintains the Court must take note of the fact that due to the Secretary's compliance with the preliminary injunction, the claims of the named plaintiffs, as well as the claims of the unnamed class members were readjudicated without reference to step two. Accordingly, defenants maintain, in light of the Supreme Court's decision in *Yuckert*, the Reform Act, the promulgation of new SSRs, and the Secretary's three-year compliance with the preliminary injunction, it is plain that the named plaintiffs lack standing to bring these claims, that continued class certification is inappropriate, and that no further relief is warranted in this case.

Since the entry of the injunction by Judge Lasker in 1984, SSR 82-55, the ruling challenged in plaintiffs' complaint has been rescinded, and SSR 82-56 has been superseded by SSR 86-8. Further, the Secretary has recently admonished in his new guideline:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued. In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience. Social Security Ruling 85-28.

In commenting upon this guideline in *Yuckert*, Justice O'Connor noted,

> [a]pplied in this manner, step 2, I believe, can produce results consistent with the

statute in the vast majority of cases and still facilitate the expeditious and just settlement of claims. *Yuckert* 107 S.Ct. at 2300.

In another recent opinion, the First Circuit Court of Appeals held that "the step 2 regulation, as interpreted by the Secretary in Ruling 85–28, ... [is a] valid de minimis screening device." The court noted that it found "no indication that Congress intended to preclude the Secretary from using medical factors alone to screen out applicants whose impairments are so minimal that, as a matter of common sense, they are clearly not disabled from gainful employment." The court went on to state that "where, as here, the statue expressly entrusts the Secretary with the responsibility for implementing a provision by regulation, [judicial] review is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious." *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118, 1122 (1st Cir.1986) *quoting Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983).

In *Yuckert*, Justice O'Connor observed that "respondent's evidence suggests that step 2 has been applied systematically in a manner inconsistent with the statute." *Id.* Indeed, a number of courts which have ruled on these related cases have noted that the evidence suggests that step 2 has been applied improperly.

Plaintiffs dispute defendant's first contention, that plaintiffs lack standing to continue this suit, by pointing out that a number of the original plaintiffs have not yet had their claims readjudicated. Plaintiff Carmen Feliciano's benefits were terminated on the grounds that her impairments were no longer severe. She is currently receiving interim benefits pursuant to paragraphs 4 and 6 of the preliminary injunction order and the interim benefit provisions of the Reform Act. *See* Declaration of Nancy Morawetz, dated October 5, 1987, at paragraph 3. According to plaintiffs, when the Secretary's prior decision to terminate Ms. Feliciano's benefits on the

ground that her impairments are "not severe" is reevaluated, she will be subject to the same illegal practices that caused her benefits to be terminated prior to the filing of this lawsuit.

Further, according to the plaintiffs, there are many class members whose cases are still in the process of readjudication. One example of such a plaintiff is Carol Johnson, whose case was recently remanded by the Second Circuit. *See Johnson v. Bowen*, 817 F.2d 983 (2d Cir.1987). Ms. Johnson first applied for benefits before the *Dixon* injunction and her claim was rejected on the basis of the step 2 regulation. The Appeals Council then remanded her case pursuant to *Dixon*. Since that time, she has been pursuing administrative and judicial appeals. Most recently, the Second Circuit found that the Secretary had failed to follow the treating physician rule, and remanded for reconsideration of the claim. Thus, Ms. Johnson's claim which was denied once at step 2 has not reached a final adjudication. Absent continued injunctive relief, according to plaintiffs, Ms. Johnson will once again be subject to the misapplication of step 2.

Another example of a plaintiff who has still not yet received relief is Ms. Roza Piernik. *See* Declaration of Susan R. Sternberg, dated October 5, 1987. Ms. Piernik was denied disability benefits by the agency in 1983. While her case was on appeal in the Eastern District of New York, counsel for the parties stipulated to a remand pursuant to the *Dixon* injunction. In May 1985 the administrative law judge who presided at the remand hearing concluded that Ms. Piernik was disabled as of July 1984. The Appeals Council rejected this finding and remanded the claim for yet another hearing which was scheduled for October 13, 1987. Thus, four years after her initial application for benefits, Ms. Piernik is still awaiting a resolution of her claim. It is indisputable that Ms. Piernik has a live claim which she is entitled to pursue in Court under Article III of the Constitution. Further, according to plaintiffs, absent injunctive relief, the administrative law judge will once again apply the

Secretary's illegal severity standard to her case.

Indeed, plaintiffs' counsel represents that the defendant's own report, dated August 6, 1987 states that 422 hearings scheduled pursuant to the Dixon injunction have not yet been conducted. See Declaration of Nancy Morawetz dated October 5, 1987 and Exhibit A attached thereto. She further represents that she is personally aware of at least 7 such class members who have not yet received final relief and who are not among those mentioned in defendant's affidavits. If the Secretary intends to apply step 2 improperly, then these plaintiffs are threatened with imminent harm when it is reimplemented. It is indisputable, therefore, that these plaintiffs still have standing to maintain the current action.

■ The certified class in this action also includes "[a]ll persons in the state of New York who have filed or will file applications for disability benefits ... and whose benefits have been or will be terminated pursuant to the policies [set forth in the severity regulation] ..." *Dixon*, 589 F.Supp. at 1511. As Judge Lasker recognized, inclusion of claimants as they apply for benefits protects these individuals from harm from the point that they are threatened with application of the alleged illegal practices. Thus, "future" class members become present members of the plaintiff class at the time they apply for benefits. These current applicants are in the process of having their claims adjudicated and, if the Secretary is applying step 2 improperly, they face an immediate threat to what is frequently their primary, and sometimes their only, source of funds for food and shelter. The purpose of preliminary relief is to prevent this irreparable harm before it occurs. As the Supreme Court has held, "[o]f course, 'one does not have to await consummation of threatened injury to obtain preventive relief.'" *Blum v. Yaretsky*, 457 U.S. 991, 1000, 102 S.Ct. 2777, 2784, 73 L.Ed.2d 534 (1982), *quoting Pennsylvania v. West Virginia*, 262 U.S. 553, 593, 43 S.Ct. 658, 663, 67 L.Ed. 1117 (1922).

■ Inclusion in the class of those who apply for benefits after the entry of the preliminary injunction order protects applicants who would otherwise have to wait for defendant's illegal application of the severity regulation to occur before they seek a post-hoc remedy. Such unnecessary harm and repetitive litigation is precisely what the class action device is designed to prevent. Where the challenged "practice is alleged to be continuing ... the class properly includes future as well as past applicants who will be affected by it." *Kohn v. Royall Koegel & Wells*, 59 F.R.D. 515, 520 (S.D.N.Y.1973). Thus, class actions under rule 23(b)(2) are often defined in such a way as to protect individuals who will face the same injury that threatened those class members who have already been injured at the time of class certification. *See, e.g., Henry v. Gross*, 803 F.2d 757, 762 (2d Cir. 1986); *Woe v. Cuomo*, 729 F.2d 96 (2d Cir.) *cert. denied*, 469 U.S. 936, 105 S.Ct. 339, 83 L.Ed.2d 274 (1984).

Judge Lasker has already properly rejected defendant's objections to including "future" claimants in the plaintiff class and to granting them relief. As the Court found, the inclusion of future claimants in the plaintiff class presents no problem of "presentment," because "such individuals will not actually be covered by any order or judgment until they do make a claim for benefits in some form, thus satisfying the presentment requirement." *Woe v. Cuomo, supra*, 729 F.2d at 107. Thus, at any given time the class does not contain generations of claimants yet unborn. Instead individuals become class members only when they apply for benefits. *See Stieberger v. Heckler*, 615 F.Supp. 1315, 1329 (S.D.N.Y.1985), *vacated on other grounds*, 801 F.2d 29 (2d Cir.1986).

There is no dispute as to the remaining requirements for class certification. The class clearly meets the numerosity, commonality, typicality, and fair representation requirement of Rule 23(a), Fed.R.Civ.P. In addition, the class satisfies the requirement of Rule 23(b)(2), which permits certification where

the party opposing the class has acted or refused to act on grounds generally applicable to the class thereby making ap-

propriate final injunctive relief or corresponding declaratory relief with respect to the class a whole.

 Having found that there are plaintiffs in this action who have standing to continue this suit and to represent the other class members, we turn to the motion for preliminary relief. Since this case was transferred only recently from Judge Lasker to this Court, there has not yet been a formal hearing at which plaintiffs could present evidence to support their claims. At the initial hearing in this case before Judge Lasker, Judge Lasker did find sufficient evidence to issue a preliminary injunction, but that was based on SSR 82–55 and on the Secretary's conduct prior to June 1984. Justice O'Connor in her concurring opinion in *Yuckert* also indicated that the evidence suggested that step two was being applied improperly prior to 1984.

Since that time, as noted above, SSR 82–55 has been rescinded and replaced by SSR 85–28, which provides:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued. In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience. Social Security Ruling 85–28.

This pronouncement by the Secretary is clear and unequivocal. At this time, plaintiffs have not presented any evidence indicating that the Secretary currently intends to misapply step 2 or this regulation. Indeed, all of the relevant evidence presented thus far is consistent with SSR 85–28 and with the Secretary's claim that he intends to apply step 2 as a *de minimis* screening device to eliminate frivolous claims. Ac-

cordingly, the court must deny plaintiffs request for a preliminary injunction. This ruling is made without prejudice, and plaintiffs may reapply for preliminary relief if they obtain evidence indicating that the Secretary has applied, or intends to apply, step 2 improperly.

So ordered.