Milton R. **SEARCY**, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant.

Nos. 99–CV–149 (LEK/GLS), 99–CV–150 (LEK/GLS).

United States District Court, N.D. New York.

March 28, 2000.

Milton R. Searcy, Rome, NY, for plaintiff.

Hon. Daniel J. French, United States Attorney, William H. Pease, Assistant U.S. Attorney, of counsel, Syracuse, NY, for defendant.

## DECISION AND ORDER

KAHN, District Judge.

This matter comes before the Court following a Report–Recommendation filed on 9 December 1999 by the Honorable Gary L. Sharpe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York. After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff, which were filed on 17 December 1999.

Plaintiff filed this action in appeal of the Social Security Administration's denial of his claim for disability insurance benefits. Plaintiff has sought benefits from the Social Security Administration in numerous claims extending back to 1975. His disability claim appears to arise from a lower-back injury sustained in 1964 while employed by Rome Cable Corporation. (*See* claim for disability benefits, submitted to Disability Benefits Bureau, State of New York Workers' Comp. Bd., 23 Feb. 1996, attached to Pl.'s Objections (Doc. 20, 17 Dec. 1999).)

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* This Court has considered the objections and has undertaken a de novo review of

the record and has determined that Judge Sharpe's well-reasoned Report–Recommendation should be approved for the reasons stated therein.

Accordingly, it is hereby

ORDERED that the Report–Recommendation is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and

IT IS FURTHER ORDERED that Defendant's motion to remand this action is **GRANTED**; and

IT IS FURTHER ORDERED that the decision denying Plaintiff disability benefits is **REMANDED** to the Social Security Administration pursuant to Sentence Six of 42 U.S.C. § 405(g) for further proceedings consistent with this Decision and with Judge Sharpe's Report–Recommendation; and

IT IS FURTHER ORDERED that Plaintiff's "Sharpe" motion is **DENIED**; and

IT IS FURTHER ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

### REPORT–RECOMMENDATION[1]

SHARPE, United States Magistrate Judge.

### PROCEDURAL HISTORY

The plaintiff in this action has a twenty-four year history with the Social Security Administration ("the Administration") and has filed numerous disability benefit claims. On August 14, 1975, the plaintiff filed his first benefits application, which was denied on November 13, 1975. This denial was not appealed and the claim was dismissed. On February 6, 1978, the plaintiff filed a second application and it was denied on April 4, 1978, without the plaintiff filing an appeal. Thereafter, on July 17, 1980, he filed a third application

that was denied because he failed to present any new evidence of a disability that would justify reversing the Administration's prior determinations. The plaintiff was also informed that he was no longer insured and not eligible for Social Security benefits.

Undeterred, the plaintiff filed a fourth application for benefits on October 11, 1985, alleging a continuing disability beginning on September 10, 1973. Like his prior application, the Administration dismissed this claim for a lack of new evidence. On June 23, 1986, the plaintiff requested a hearing so that he might be re-examined under *Dixon v. Heckler*, 589 F.Supp. 1494 (S.D.N.Y.1984) (Lasker, D.J.). The Administration rejected this request after determining that the plaintiff was not a member of the class certified by Judge Lasker in *Dixon*.

With unparalleled persistence, the plaintiff filed his fifth application on December 14, 1987. The Administration promptly notified him that this application was nothing more than a duplicate of his last and denied it on that basis. Undeterred, the plaintiff filed two more duplicative applications that were similarly dismissed.

Finally, on June 28, 1996, the Administration informed the plaintiff that it would process an "unadjudicated" application dated November 22, 1976, that it did not receive until October 26, 1987. Thereafter, the plaintiff filed a request for a hearing on September 18, 1996. An Administrative Law Judge ("ALJ") denied this request because the claims in this "unadjudicated" application were identical to his previous applications. The plaintiff appealed to the Appeals Council which declined his request for review of the ALJ's dismissal.

On January 29, 1999, the plaintiff filed two actions in this court relating to the denial of his most recent application for

---

**1.** This matter was referred to the undersigned for Report–Recommendation by the Hon. Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).

Social Security benefits. The first action is a standard appeal brought pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner of Social Security's ("the Commissioner") final determination (99–CV–149), while the other action is a "Sharpe" motion made to compel the Commissioner to render a decision. On January 29, 1999, the plaintiff also filed *in forma pauperis* applications for these claims, which the undersigned granted. At the same time, the court consolidated these actions, believing that they were based upon the same Social Security claim.[2] The defendants were then ordered to respond to the plaintiff's motion before filing the administrative transcript.

On May 19, 1999, the defendant made a motion to voluntarily remand this action for reconsideration. (Dkt. No. 13.) It also responded to the plaintiff's "Sharpe" motion in compliance with this court's March 3, 1999, Order. On June 3, 1999, the plaintiff filed his objections to the defendant's motion. (Dkt. No. 14.) Then, on June 9, 1999, and again on June 15, 1999, he filed a certificate of service for a motion for partial summary judgment. (Dkt. Nos. 15 & 17.) He also submitted a packet of information in support of his complaint.[3] (Dkt. No. 16.) The court now addresses these motions *seriatim*.

### DISCUSSION

### I. *Standard of Review*

 A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision. *Urtz v. Callahan*, 965 F.Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ. The ALJ's decision is reviewed by a federal court after an appeal is filed. A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir.1984).

A court's factual review of the Commissioner's final decision is limited to a determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir.1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v.*

2. Previously, the court was unable to determine if the plaintiff's appeals were based upon identical Social Security claims because his submissions are very difficult to read and understand. Nonetheless, the cases were consolidated for purposes of judicial economy. It is now clear that the plaintiff's actions arise from the same Social Security claim.

3. The information submitted by the plaintiff consists of bills for medical treatment that are interspersed with some legal argument, references to the Code of Federal Regulations, the New York Code of Rules and Regulations,

Social Security Rulings and two federal cases: *Dixon v. Shalala* and *Sharpe v. Sullivan*. The plaintiff provides little reason for referring to these regulations and cases leaving the court to decipher his intent. Apparently, the plaintiff submitted these materials to support his motion for partial summary judgment. Therefore, the court will view these documents as it would a memorandum of law accompanying such a motion. Nonetheless, these materials are quite befuddling and the court remains unable to determine the basis for the plaintiff's motion.

*NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir.1990). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams,* 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972); *see also Rutherford v. Schweiker,* 685 F.2d 60, 62 (2d Cir.1982).

■ The court has authority to reverse with or without remand. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Parker v. Harris,* 626 F.2d 225, 235 (2d Cir.1980); *Marcus v. Califano,* 615 F.2d 23 (2d Cir.1979) (remanded for reconsideration under the standard that subjective evidence of disabling pain, if credited, may support a finding of disability); *Cutler v. Weinberger,* 516 F.2d 1282, 1287 (2d Cir.1975) (remanded to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker,* 626 F.2d at 235; *Simmons v. United States R.R. Retirement Bd.,* 982 F.2d 49, 57 (2d Cir.1992); *Carroll v. Secretary of HHS,* 705 F.2d 638, 644 (2d Cir.1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years, remand would likely result in further lengthening the "painfully slow process" of determining disability).

## II. *Voluntary Remand*

The issue before this court is whether the plaintiff's action should be remanded for further proceedings or if it should be reversed without remand. The defendant seeks remand under the sixth sentence of 42 U.S.C. § 405(g) which allows remand to the Commissioner with a showing of good cause. (Dkt. No. 13). He claims that good cause for remand exists since the class certified in *Dixon v. Heckler,* has been expanded to include the plaintiff.[4] *See Dixon v. Shalala,* No. 83–CV–7001 (S.D.N.Y.1993) aff'd. *Dixon v. Shalala,* 54 F.3d 1019 (2d Cir.1995).[5] Since the plain-

---

4. In *Dixon v. Heckler,* the District Court certified a class action brought to challenge the policy of the Secretary of Health and Human Services ("SHHS") of denying disability benefits to claimants whose injuries were deemed not "severe" solely on medical grounds. The class challenged this so-called "severity" regulation which had been used to evaluate the class members' eligibility for disability benefits. They claimed the regulation violated the Social Security Act by denying benefits without first evaluating the claimant's age, education, employment experience, ability to work or other vocational factors. *Dixon,* 589 F.Supp. at 1496. The court held that the regulation violated the act and granted preliminary relief. The defendant appealed the decision to grant the preliminary injunction which forbade the SHHS from denying benefits based solely upon the severity regulation. The Second Circuit upheld the lower court. *See Dixon v. Heckler,* 785 F.2d 1102 (2d.Cir.1986). Thereafter, the Supreme Court overruled the Circuit based upon its decision in *Bowen v. Yuckert,* in which it upheld the facial validity of the severity regulation. 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The Court determined that claimants must make a threshold showing of an impairment with medical evidence before vocational factors need to be considered. *See Dixon v. Sullivan,* 792 F.Supp. 942, 945 (S.D.N.Y. 1992) (discussing *Bowen v. Yuckert* ). The Circuit vacated the preliminary injunction and remanded for the district court to conduct further proceedings. *Id.* On remand, the district court denied a motion to reinstate the preliminary injunction. *Id.* (citing *Dixon v. Bowen,* 673 F.Supp. 123 (S.D.N.Y.1987)). Finally, in *Dixon v. Sullivan, supra,* the court determined that although the severity regulation was facially valid, it was being applied in a manner inconsistent with the Social Security Act. 792 F.Supp. at 953–54.

5. Once again, the court is rather confused as the defendant failed to provide a copy of the

tiff's 1986 benefits application was dismissed because he was not a member of the *Dixon* class, the defendant maintains that the change in *Dixon* makes remand proper.

The plaintiff opposes remand but once again his objections are confusing and difficult to understand. (*See* Dkt. No 14.) He seems to accuse the Oneida County Department of Social Services of dissuading him from appealing his previous Social Security denials. He also asks that Social Security Ruling 81–29 be applied to his November 22, 1976, and December 13, 1976, benefit claims. He even suggests that the Commissioner has not rendered a final decision concerning his October 23, 1975, and December 13, 1976, benefit claims as is required by § 205(g) of the Social Security Act. Finally, he suggests that the defendant must present evidence that all "ministerial duties" have been rendered by the Social Security Administration for his claims. (Pl.['s] Br. at 3; Dkt. No. 14.)

Frankly, the purpose of the plaintiff's objections has been very difficult to discern. It seems clear that the plaintiff wants the Commissioner to properly consider his application for disability benefits but opposes a remand. The plaintiff's position is easy to understand considering his history with the Administration but it is difficult to reconcile because the defendant agrees that changes in the law require reconsideration of his claims. Furthermore, it appears that there is good cause to remand to the Administration under these circumstances.

■ Not long ago, the Supreme Court noted that under § 405(g) there are two types of remand allowed in Social Security disability actions. The district court may either: (1) affirm, modify or reverse the Commissioner's decision with or without remanding the claim for rehearing under Sentence Four of § 405(g); or (2) remand

for administrative reconsideration in light of some new evidence under Sentence Six of the same section. *Melkonyan v. Sullivan,* 501 U.S. 89, 98–100, 111 S.Ct. 2157, 2163–64, 115 L.Ed.2d 78 (1991); *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 2663–65, 110 L.Ed.2d 563 (1990). Remand under Sentence Four is appropriate when the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the law and regulations. *Melkonyan,* 501 U.S. at 101, 111 S.Ct. at 2165. On the other hand, remand under Sentence Six is only proper where new evidence needs consideration. In such cases, the defendant must show that the new evidence is material and that good cause exists for its failure to incorporate the evidence into the prior proceedings. *Jones v. Sullivan,* 949 F.2d 57, 60 (2d Cir.1991). Without a showing of good cause, remand will not be allowed.

■ In this case, the defendant asks for remand under Sentence Six believing that the *Dixon* class now includes the plaintiff. He claims that this change in the class' scope constitutes new evidence that must now be considered in order to resolve the plaintiff's benefits application. He acknowledges that remand will require the Administration to determine if the plaintiff was improperly denied benefits in accordance with the terms of *Dixon v. Sullivan, supra.* The court concurs with the defendant that the change to the *Dixon* class is "new evidence" that the Administration must now consider. Furthermore, the change is certainly material to the plaintiff's claims as the plaintiff may have been improperly denied benefits under the "severity regulation". The defendant also has good cause for its failure to incorporate this "evidence" into the prior proceedings, as no one could predict the modification of the *Dixon* class. Therefore, the court

district court opinion. However, review of *Dixon v. Shalala* reveals that the *Dixon* class has been expanded to include those individu-

als who were denied benefits on medical grounds alone between June 1, 1976, and July 19, 1983. 54 F.3d at 1028.

finds that remand under sentence six of § 405(g) is warranted.[6]

### III. *The "Sharpe" Motion*

The plaintiff has also made a so-called "Sharpe" motion seeking to compel the Administration to conduct a hearing concerning his claim. The defendant objects to the motion arguing that it has been mischaracterized and should actually be a motion for relief under *Martinez v. Bowen*, No. 73–CV–900 (E.D.N.Y. April 24, 1986).[7] According to the defendant, a "Martinez" motion allows claimants, who await their hearings or final decisions, to seek judicial relief if they feel their claims are being unreasonably delayed. He contends that *Martinez* deals only with delays to hearings and making final determinations. He

urges that it is not applicable here because when this case is remanded, it will be reopened for reconsideration and not for rehearing.[8] Therefore, he maintains that the court should not force the Administration to render a decision because one is not required.

Since the court has already determined that remand is necessary in this case, there seems little point to grant either a "Sharpe" or "Martinez" motion. The plaintiff has not assisted the court by putting forth any compelling or coherent reason to grant either type of motion. He merely claims that no decision has been rendered by the Administration. This contention has little merit as it is clear that a final determination has been rendered. In fact, the plaintiff could not sus-

---

6. The court acknowledges that remand under Sentence Six is by no means an exact fit, as this case is far different from the normal situation in which a court remands a Social Security appeal. Specifically, the court ponders the question of whether a change to the law controlling a claim for benefits can be considered "new evidence". Certainly, such a change does not fit within the classic definition of evidence, as it is not testimony, a writing, a material object or any other species of proof contemplated by the term. The poor fit of this change in the law to the definition of evidence begs the question of whether the defendant's motion for remand was made through the proper procedural mechanism. However, the defendant's only alternative is a remand under Sentence Four which applies where the law has been misapplied. Although it may *seem* to be a better fit, Sentence Four is no more applicable to these facts than a Sentence Six remand, as the law was not misapplied in this case. The defendant properly found that the plaintiff was not a class member in 1986 when he requested review under *Dixon*. Not until 1992 when the scope of the class changed did this determination become suspect. The Administration can hardly be chastised for its failure to revisit this question given the fact that the plaintiff did not challenge the decision after the class change.

Consequently, Sentence Four is not any more applicable to these facts than Sentence Six and the court is unaware of any other procedure that would allow a remand. Yet, if neither of these remand options are available under the instant facts, then the defendant

would be unable to review any claim affected by changes to the substantive law surrounding Social Security benefit applications. This cannot be allowed: the Administration must have the chance to review its actions in light of changes in the law under circumstances like in this case. Consequently, the court believes that the change in *Dixon* constitutes "new evidence" within the meaning of Sentence Six, and the plaintiff's claim must be remanded for further consideration by the Administration.

7. The defendant argues that a "Sharpe" motion can be made only by claimants filing for benefits under Title XVI whereas *Martinez* applies to claims made under both Title II and Title XVI. The plaintiff does not contend otherwise and as such, the court accepts that the motion should have been filed under *Martinez*. However, this apparent procedural error by the plaintiff plays no part in the court's decision herein as its recommendation to deny the motion relies on other grounds.

8. The defendant informs the court that the Administrations Program Operations Manuel System § DI 12521.001B.3 requires reconsideration instead of a rehearing. He also notes that Administration guidelines are the Commissioner's interpretation of the Social Security Act itself and should be credited as long as they are reasonable and consistent with the statute. The plaintiff does not respond to this contention. Absent any objection from the plaintiff, the court accepts that a hearing is not required.

tain his current appeal if the Commissioner had not rendered a final decision. Since a final decision is a jurisdictional requirement, the court doubts that the plaintiff really argues that such a decision has not been rendered.

In light of his motion to compel a decision, the court wonders why the plaintiff objects to remanding this case. In effect, a remand provides him with substantially the same relief that he seeks with his motion regardless of how it is characterized. The only possible consequence is that the plaintiff will not receive interim disability benefits with a remand. If such benefits lie behind the plaintiff's intent in filing his motion, he again failed to provide any reason why he is entitled to them. The court is mindful of the plaintiff's *pro se* status but it cannot advocate for him. The plaintiff did not provide the court with a reason to grant his motion and the court cannot ascertain a reason without his help. Consequently, the court recommends that the plaintiff's "Sharpe" motion be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED,** that the decision denying the plaintiff disability benefits be **REMANDED** pursuant to Sentence Six of § 405(g) for further proceedings consistent with the decision. It is further

**RECOMMENDED,** that the plaintiff's "Sharpe" motion be **DENIED.**

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within **TEN** days. **FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993); 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72, 6(a), 6(e).

It is further **ORDERED** that the Clerk of the Court serve a copy of this Report–Recommendation upon the parties by regular mail.

December 9, 1999.